**Marc L. ROTHSTEIN Appellant**

v.

**POLYSCIENCES, INC. Appellee.**

Superior Court of Pennsylvania.

Argued May 4, 2004.

Filed July 1, 2004.

William T. Wilson, West Chester, for appellant.

Daniel J. Dugan, Philadelphia, for appellee.

Before: STEVENS, BENDER and MONTEMURO *, JJ.

MONTEMURO, J.

¶ 1 Plaintiff/Appellant Marc Rothstein appeals from the Order entered October 9, 2003, in the Bucks County Court of Common Pleas, denying his petition for leave to file an appeal *nunc pro tunc.*

¶ 2 On April 19, 1999, Appellant brought suit against his former employer, Defendant/Appellee Polysciences, Inc., in an action claiming breach of an employment contract, breach of a covenant of good faith and fair dealing, and negligent misrepresentation, as well as promissory estoppel.[1] On May 24, 2001, Appellee moved for summary judgment on Appellant's claims. On June 27th, before the trial court ruled on Appellee's motion, counsel for Appellant praeciped the county prothonotary to notify the court of a change in his law firm's address. The prothonotary returned Appellant's praecipe to his former address, advising him that notices of address change were to be sent to the court administrator.

¶ 3 The trial court granted Appellee's motion for summary judgment on December 31, 2001. The prothonotary mailed the court's order, again to Appellant's former address, on January 3, 2002. Appellant did not take a timely appeal to our Court from the judgment, but rather appealed sixteen months later, when on April 29, 2003, he filed a petition for leave to appeal *nunc pro tunc.* The trial court denied Appellant's petition, and this appeal followed.

¶ 4 Appellant presents this Court with two issues; however, we need only address the first of these. He argues that the trial court erred in denying his petition for leave to file an appeal *nunc pro tunc.* Appellant acknowledges that under Pa. R.A.P. 903(a), he was required to have filed a notice of appeal within thirty days of the trial court's December 31, 2001, Order granting Appellee's summary judgment motion, but claims that his case warrants an exception to this requirement due to a "breakdown in the court's operation." (Appellant's Brief at 11). He cites *Connor v. Westmoreland County Board of Assessment Appeal,* 143 Pa.Cmwlth. 86, 598 A.2d 610, 612 (1991), for the proposition that such a breakdown occurs when the prothonotary fails to apprise the parties of a given judgment order, and argues that the Bucks County prothonotary's failure to send notice of the December 31, 2001,

* Retired Justice assigned to Superior Court.

1. From April 1998 until December 1998, Appellant worked for Appellee as business development manager in the company's bulk products department. His employment was terminated because his efforts to increase sales in bulk products for Appellee's business failed. Appellant's claims rest on the assertion that that an enforceable one year employment contract was formed between himself and Appellee in April 1998, and that Appellee violated this contractual relationship by terminating his employment in December 1998.

Order to his counsel's new address constitutes such a breakdown. Appellant asserts that, under the circumstances, his counsel exercised due diligence in filing his appeal, and that his petition *nunc pro tunc* should have been granted.

■ ¶ 5 The denial of an appeal *nunc pro tunc* is within the discretion of the trial court, and we will only reverse for an abuse of that discretion. *Freeman v. Bonner*, 761 A.2d 1193, 1194 (Pa.Super.2000). In addition to the occurrence of "fraud or breakdown in the court's operations," *nunc pro tunc* relief may also be granted where the appellant demonstrates that "(1) [his] notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2)[he] filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." *Criss v. Wise*, 566 Pa. 437, 781 A.2d 1156, 1159 (2001).

■ ¶ 6 Cases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties. *See, e.g., Nagy v. Best Home Services, Inc.*, 829 A.2d 1166, 1168 (Pa.Super.2003)(prothonotary's failure to time-stamp or docket a notice of appeal upon receipt resulted in breakdown). In the case at bar, however, the prothonotary fulfilled all of her required duties, first by sending Appellant correspondence that all notices of change of address were to be sent to the court administrator, then by sending him notice of the court's order granting summary judgment within a week of the order's publication. Given these circumstances, we do not find that Appellant's failure to file a timely notice of appeal was the result of a "breakdown of the court's operations" through failure of the prothonotary to perform her duties.

■ ¶ 7 Rather, we find that Appellant's counsel has been derelict in fulfilling his own responsibilities, specifically for failing to ascertain and comply with Bucks County's local court rule requirement that he send notice of a change in address to the court administrator rather than the county prothonotary. Appellant's counsel has not demonstrated that he ever consulted local rules to determine the proper method of apprising the trial court of his change in address. Appellant claims instead that relief should be granted because, he alleges, his counsel never received the notices sent to his office by the prothonotary. Failure to receive notice of the court's disposition of a matter, without more, is insufficient grounds for *nunc pro tunc* relief. *Adelman v. John McShain, Inc.*, 148 Pa.Super. 138, 24 A.2d 703, 705 (1942). Due to counsel's lack of diligence in this matter, we again find no reason to reverse the trial court's determination.[2]

■ ¶ 8 Moreover, we find that counsel's additional lack of diligence in waiting more than a year to file a notice of appeal warranted denial of his petition. Counsel admits that, for sixteen months between December 2001 and April 2003, he failed to contact the court or any of its officers to determine the status of Appellee's motion. The trial court does not abuse its discretion in denying an appeal *nunc pro tunc* which has not been filed within a reasonable time, regardless of whether a breakdown in the court's operation has occurred. *Amicone v. Rok*, 839 A.2d 1109, 1113

---

**2.** Appellant's counsel was further derelict by failing to have his mail forwarded from his former address to the new location.

(Pa.Super.2003). Appellant should not now be permitted to file a notice of appeal fifteen months beyond the time he was given to do so, especially in light of the fact that no administrative breakdown occurred and that his counsel was negligent in ascertaining the status of his case.

¶ 9 Appellant's other issue addresses the merits of the claims concerning his employment contract. Having decided that the trial court did not err in denying Appellant's appeal *nunc pro tunc*, we need not reach this issue.

¶ 10 Order affirmed.