J-A26029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF AMERIQUEST MORTGAGE SECURITIES, INC., ASSET BACKED PASS THROUGH CERTIFICATES, SERIES 2005-R8 UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF SEPTEMBER 1, 2005 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELMEDA A. & JOSEPH F. RODA A/K/A FRANK RODA | |
| Appellants | No. 201 MDA 2014 |

Appeal from the Order Entered December 31, 2013
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-06-08629

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 17, 2014**

Appellants, Elmeda A. Roda and Joseph F. Roda, appeal from the December 31, 2013 order denying their petition for leave to appeal *nunc pro tunc* from the January 11, 2013 order granting summary judgment in favor of Appellee, Deutsche Bank National Trust Company (Deutsche Bank).  After careful review, we affirm.

We summarize the relevant procedural history of this case as follows. Ameriquest Mortgage Company commenced the underlying action in this case on August 31, 2006, when it issued a writ of summons against

Appellants, regarding a mortgage on a property Appellants owned as tenants in common. A complaint was filed on February 18, 2010, seeking to quiet title to the property and to reform the mortgage to add Appellant Elmeda Roda as a mortgagor and include the aliases of Appellant Joseph F. Roda. Appellants filed an answer and new matter on March 10, 2010. On March 30, 2010, Deutsche Bank was substituted as the named plaintiff. Deutsche Bank replied to the new matter raised by Appellants on April 28, 2010 and thereafter, began seeking discovery from Appellants.

On September 10, 2010, Deutsche Bank filed a motion to compel Appellants to answer discovery. The trial court granted the motion and directed Appellants to provide full and complete discovery within ten days of the order. Trial Court Order, 9/10/10, at 1-2. Appellants did not comply with the court order. On October 15, 2010, the trial court granted Deutsche Bank's motion for sanctions and precluded Appellants from introducing adverse evidence against Deutsche Bank at trial. Trial Court Order, 10/15/10, at 1-2. Subsequently, on December 1, 2010, Deutsche Bank filed a motion for summary judgment. On February 1, 2011, the trial court ordered Appellants to respond to the summary judgment motion within twenty days.[1] On February 21, 2011, Appellant Joseph F. Roda filed a

---

[1] Pennsylvania Rule of Civil Procedure 1035 governs motions for summary judgment. Pursuant to Pa.R.C.P. 1035.3(a), the adverse party is required to file a response to a motion for summary judgment within thirty days of
*(Footnote Continued Next Page)*

- 2 -

petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code, which stayed the proceedings. Ultimately, on July 25, 2011, the case was remanded back to the trial court.

On August 15, 2011, Appellants filed a motion to vacate and/or modify the sanctions order of October 15, 2010, which Deutsche Bank opposed. No response was filed to the December 1, 2010 motion for summary judgment. Thereafter, the court denied the August 15, 2011 motion without prejudice. *See* Trial Court Order, 8/18/11. On September 15, 2011, Appellants filed another motion to vacate/modify the sanctions, which again was opposed by Deutsche Bank. On December 7, 2012, Deutsche Bank filed a praecipe for assignment requesting a determination on the motion for summary judgment filed on December 1, 2010. The trial court granted the summary judgment motion in favor of Deutsche Bank on January 11, 2013.

On September 30, 2013, Appellants filed a petition to appeal, *nunc pro tunc*, the January 11, 2013 order granting summary judgment. In their petition, Appellants averred, "[n]either [Appellants] nor counsel of record for [Appellants] ever received a copy of the [o]rder and were unaware of the existence of the January 11, 2013 [o]rder until Tuesday, September 24, 2013." Appellants' Petition, 9/30/2013, at 1, ¶ 5. On October 21, 2013,

_____
(Footnote Continued)

service. Failure to file a response may result in the trial court granting the motion. *See* Pa.R.C.P. 1035.3(d).

- 3 -

J-A26029-14

Deutsche Bank filed an answer to Appellants' petition to appeal *nunc pro tunc*. The trial court denied Appellants' petition on December 31, 2013. On January 29, 2014, Appellants filed the instant timely appeal.[2]

On appeal, Appellants raise the following issues for our review.

> A. Whether the lower court erred as a matter of law and/or abused its discretion by failing to grant the [Appellants]' petition for leave to appeal *nunc pro tunc*?
>
> B. Whether the lower court erred as a matter of law and/or abused its discretion by failing to grant the [Appellants]' motion to vacate and/or modify sanctions order of October 15, 2010?
>
> C. Whether the lower court erred as a matter of law and/or abused its discretion by granting [Deutsche Bank]'s motion for summary judgment?

Appellants' Brief at 10.

We begin by noting this Court's review over a denial of a petition for *nunc pro tunc* relief is one of deference. ***See Vietri ex rel. Vietri v. Delaware Valley High School***, 63 A.3d 1281, 1284 (Pa. Super. 2013).

> The denial of an appeal nunc pro tunc is within the discretion of the trial court, and we will only reverse for an abuse of that discretion. In addition to the occurrence of fraud or breakdown of the court's operations, nunc pro tunc relief may also be granted where the appellant demonstrates that (1) [his] notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) [he]

---

[2] Appellants and the trial court have timely complied with Pennsylvania Rule of Appellate Procedure 1925.

filed the notice of appeal shortly after the expiration date; and the appellee was not prejudiced by the delay.

*Id.*, *quoting* **Rothstein v. Polysciences, Inc.**, 853 A.2d 1072, 1075 (Pa. Super. 2004) (internal citations and quotation marks omitted). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." *Id.* (citation omitted).

Instantly, we conclude the trial court did not abuse its discretion in denying Appellants' petition for leave to appeal *nunc pro tunc*. Upon receipt of Appellants' petition, the trial court issued a rule to show cause order pursuant to Pennsylvania Rule of Civil Procedure 206. **See** Trial Court Order, 10/1/13. The rule provides, in pertinent part, as follows.

**Rule 206.7 Procedure After Issuance of Rule to Show Cause**

(a) If an answer is not filed, all averments of fact in the petition may be deemed admitted for the purposes of this subdivision and the court shall enter an appropriate order.

(b) If an answer is filed raising no disputed issues of material fact, the court on request of the petitioner shall decide the petition on the petition and answer.

(c) If an answer is filed raising disputed issues of material fact, the petitioner may take depositions on those issues, or such other discovery as the court allows, within the time set forth in the order of the court. **If the petitioner does not do so, the petition shall be decided on petition and answer and all averments of fact responsive to the petition and properly pleaded in the answer**

> **shall be deemed admitted for the purpose of this subdivision.**
>
> (d) The respondent may take depositions, or such other discovery as the court allows.

Pa.R.C.P. 206.7 (emphasis added).

In Appellants' petition, they averred "[n]either [Appellant] nor counsel of record for [Appellants] ever received a copy of the [o]rder [granting summary judgment] and were unaware of the existence of the January 11, 2013 [o]rder until Tuesday, September 24, 2013." Appellants' Petition, 9/30/13, at ¶ 5. They further averred they never had notice of the praecipe to assign the motion for summary judgment filed by Deutsche Bank because of an error in the mailing address, and the January 11, 2013 order was the result of the praecipe of which they had no notice. *See id.* at ¶ 10-14. Appellants advanced the argument that these facts provide evidence of a breakdown of the court's operations such that an appeal *nunc pro tunc* should be permitted. *Id.* at ¶ 16.

In its response, Deutsche Bank raised several disputed issues of material fact. Specifically, Deutsche Bank averred the order was recorded on February 4, 2013 against Appellants' property with the Lancaster County Recorder of Deeds Office. *See* Answer to Petition, 10/21/13, at ¶ 5.

Deutsche Bank's petition further unambiguously addressed Appellants' actions underlying the motion for summary judgment.[3]

> The motion for [s]ummary [j]udgment was filed on December 1, 2010. The [Appellants], however, failed to file a response within the thirty (30) day deadline. *See* Pa.R.C.P. 1035(a). As a result, the [trial court] issued a [r]ule to [s]how [c]ause on January 31, 2011 … requiring [Appellants] to respond to the [m]otion for [s]ummary [j]udgment within twenty (20) days. … While [Appellants] failed to respond to the [m]otion for [s]ummary [j]udgment in accordance with the Rules of Civil Procedure and the [trial court's order], [Appellants] and their counsel knew that the [m]otion for [s]ummary [j]udgment was ripe for disposition and that an [order] would be forthcoming on the unopposed [motion].

*Id.* (footnote omitted). Deutsche Bank also disputed that counsel for Appellants never received the praecipe for assignment. *Id.* at ¶ 10.

> [I]t is believed that the Praecipe for Assignment was received by [Appellants]' counsel. While the Certificate of Service includes a typographical error in the zip code of [Appellants]' counsel, [counsel for Deutsche Bank] was never notified by the U.S. Postal Service that the Praecipe for Assignment (i) could not be delivered as addressed, or (ii) contained an invalid address.

*Id.*; *see also id.* at ¶¶ 14, 15. Finally, Deutsche Bank denied any breakdown occurred in the court's operations and pleaded the lack of notice

---

[3] We note that Appellants' petition to appeal *nunc pro tunc* does not allege lack of notice of the original motion for summary judgment nor of the subsequent trial court order to respond within twenty days. *See* Appellants' Petition, 9/30/13.

was the result of Appellants' counsel's failure to review the court's dockets while he knew the unopposed motion for summary judgment was ripe for disposition. *See id.* at ¶ 16.

The trial court's rule to show cause order specifically notified the parties that the petition would be decided in accordance with Pa.R.C.P. 206.7. *See* Trial Court Order, 10/1/13. It also provided that, "[d]iscovery shall be completed within forty-five (45) days of service of the Answer." *Id.* Appellants did not engage in discovery following the filing of Deutsche Bank's answer to their petition to appeal *nunc pro tunc*. Therefore, because Appellants failed to engage in discovery when issues of material fact were raised by Deutsche Bank, all averments of fact advanced in Deutsche Bank's answer that were responsive to Appellants' petition to appeal *nunc pro tunc* were deemed admitted by Appellants. *See* Pa.R.C.P. 206.7(d). Specifically, Deutsche Bank contended that Appellants had notice of the order prior to September 24, 2013, there was no breakdown in the court's operations, and the failure to timely appeal was due to the negligence of Appellants' counsel. *See* Answer to Petition, 10/21/13, at ¶¶ 5, 10, 14-16. Consequently, Appellants failed to demonstrate that they are entitled to their requested relief, and we conclude the trial court did not abuse its discretion or misapply the law when it denied Appellants' petition for leave to appeal *nunc pro tunc*. *See Vietri ex rel. Vietri, supra*.

Appellants' second and third issues challenge the trial court's failure to grant their motion to vacate/modify the order for sanctions of October 15, 2010 and the underlying grant of summary judgment. Appellants' Brief at 28, 32. We conclude these issues are not properly before this Court.

It is well-settled that this "Court may reach the merits of an appeal taken from (a) a final order or an order certified as a final order; (2) an interlocutory order [appealable] as of right; (3) an interlocutory order [appealable] by permission; or (4) a collateral order." *In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa. Super. 2012) (citations and quotation marks omitted).

In the instant case, the trial court never ruled on Appellants' second motion to vacate/modify the October 15, 2010 order, therefore, this issue is not subject to review. Further, this appeal lies from the final order of December 31, 2013, denying Appellants' petition to appeal the summary judgment order *nunc pro tunc*. Because we have concluded the trial court did not commit an abuse of discretion in denying Appellants' petition, the merits of the summary judgment order are not before this Court.

Accordingly, the December 31 2013 order denying Appellants' petition to appeal *nunc pro tunc* is affirmed.

J-A26029-14

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/17/2014

- 10 -