DISSENTING OPINION BY
MUNDY, J.:
I cannot agree with the learned Majority’s decision to address the merits of this case. In my view, this Court lacks jurisdiction to do so. As I would quash this appeal for want of appellate jurisdiction, I respectfully dissent.
Pennsylvania Rule of Appellate Procedure 903(c)(3) requires that a defendant’s notice of appeal be filed “within 30 days of the imposition of the judgment of sentence in open court.” Pa.R.A.P. 903(c)(3). It is axiomatic that the “[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace.” Commonwealth v. Burks, 102 A.3d 497, 500 (Pa.Super.2014) (citation omitted). Pennsylvania Rule of Criminal Procedure 720 states that a post-sentence motion must be filed within ten days of the sentencing being imposed. Pa.R.Crim.P. 720(A)(1). When such a motion is timely filed, the Rule 903(c)(3) appeal period is tolled. Id. at 720(A)(2). However, “[i]f the defendant does not file a timely post-sentence motion, the defendant’s notice of appeal shall be filed within 30 days of imposition of sentence[.]” Id. at 720(A)(3).
Moreover, relevant to this appeal, our Supreme Court has disapproved the practice of hybrid representation at all levels of the Pennsylvania courts. Commonwealth v. Cooper, 611 Pa. 437, 27 A.3d 994, 1000 n. 9 (2011). Generally, pro se filings by a defendant who at the time of filing is represented by counsel are considered legal nullities. Commonwealth v. Ali, 608 Pa. 71, 10 A.3d 282, 293 (2010). Our Supreme Court has stated that Rule 576(A)(4), requiring the prothonotaries to forward all pro se filings to counsel upon receipt, reflects this policy. Commonwealth v. Padilla, 622 Pa. 449, 80 A.3d 1238, 1259 (2013), cert. denied, Padilla v. Pennsylvania, - U.S. -, 134 S.Ct. 2725, 189 L.Ed.2d 769 (2014).
In this case, as the Majority notes, Appellant’s counsel told the trial court on the record at sentencing on March 8, 2013, that he would file Appellant’s post-sentence motion within ten days of sentencing, as required by Rule 720 to toll the appeal period. N.T., 3/8/13, at 71. However, counsel did not file said motion; accordingly, the appeal period was not tolled. See generally Majority Opinion at 78. As a result, Appellant’s notice of appeal was due on April 8, 2013.[1] The instant notice of appeal was filed on February 12, 2014, 341 days after the trial court imposed its sentence in open court. Therefore, Appellant’s notice of appeal was facially untimely-
The Majority agrees with Appellant that he was unrepresented for the entire post-sentence motion filing period. Majority Opinion at 78. The Majority therefore concludes that we may address Appellant’s untimely appeal due to “an administrative breakdown on the part of the trial court.” Id. I cannot agree with the Majority’s premise nor with its conclusion. As noted above, the record reveals that Appellant was represented during the'ten-day post- *87 sentence motion filing period, as Appellant’s counsel told the trial court he would file said motion within ten days. N.T., 3/8/13, at 71. I do not believe counsel’s failure to file Appellant’s motion can be excused as a breakdown of the trial court’s operations. In my view, counsel’s error cannot be equated to a breakdown in court process. Cf. Rothstein v. Polysciences, Inc., 853 A.2d 1072, 1075 (Pa.Super.2004) (stating, “[ejases involving a breakdown in court operations often involve a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties! ]”) . (emphasis added).[2] Rather, this is more akin to an instance where Appellant may have been abandoned. Although this may result in the restoration of his post-sentence motion or direct appeal rights nunc pro tunc through the Post Conviction Relief Act (PCRA),[3] it does not, in my view, permit this Court to excuse Appellant’s untimely notice of appeal.[4]
Based on the foregoing, Appellant’s February 12, 2014 notice of appeal was untimely, as it was filed 341 days after the trial court imposed its sentence in open court. Accordingly, I would conclude that we are without jurisdiction and quash this appeal. I respectfully dissent.

. I note "[sjince the Rules of Appellate Procedure apply to criminal and civil cases alike, the principles enunciated in [civil] cases construing those rules are equally applicable in [criminal] cases.” Lineberger v. Wyeth, 894 A.2d 141, 148 n. 4 (Pa.Super.2006), citing Kanter v. Epstein, 866 A.2d 394, 400 n. 6 (Pa.Super.2004), appeal denied, 584 Pa. 678, 880 A.2d 1239 (2005), cert. denied, Spector Gadon & Rosen, P.C. v. Kanter, 546 U.S. 1092, 126 S.Ct. 1048, 163 L.Ed.2d 858 (2006).

. 42 Pa.C.S.A. §§ 9541-9546.

. Although not specifically relied on by the Majority, I note that the trial court lost jurisdiction over the case on April 8, 2013, 30 days after it imposed sentence in open court. See 42 Pa.C.S.A. § 5505 (stating, "a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed[]”); accord Commonwealth v. Holmes, 593 Pa. 601, 933 A.2d 57, 65 (2007) (stating, "Section 5505 ... recognizes the removal of jurisdiction upon appeal ... and the removal of jurisdiction upon the end of the term of court or the statutory thirty-day expansion of that time[]”). Furthermore, this Court has held that a trial court may not sua sponte reinstate a defendant’s post-sentence motion or direct appeal rights nunc pro tunc in the absence of a PCRA petition being filed before the court. Commonwealth v. Turner, 73 A.3d 1283, 1285 n. 2 (Pa.Super.2013), appeal denied, 625 Pa. 649, 91 A.3d 162 (2014); see also 42 Pa.C.S.A. § 9545(a) (stating, ”[n]o court shall have authority to entertain a request for any form of relief in anticipation of the filing of a petition under this subchapter[ ]”). No PCRA petition has been filed. As a result, the trial court lacked the judicial power when it entered its June 5, 2013 order, sua sponte extending the post-sentence motion filing period.