J-S63023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JULIAN SMITH | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| HUIJUN YAN | |
| Appellee | No. 998 EDA 2015 |

Appeal from the Order Entered March 17, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): January Term, 2015 No. 3545

BEFORE:  DONOHUE, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 06, 2015**

Appellant, Julian Smith, appeals from the trial court's March 17, 2015 order denying Appellant's petition to appeal *nunc pro tunc* from the January 31, 2014 judgment of default entered in the Philadelphia Municipal Court. After careful review, we affirm on the basis of the trial court's well-reasoned and comprehensive opinion.

This case arose as a result of an automobile accident that occurred on March 31, 2013, between Appellant and Appellee, Huijun Yan (Yan).  Lower Merion Police Officer Jeffrey Calabrese investigated the accident, and issued a report in which he opined that "this crash was caused by [Appellant] entering his vehicle into a roadway without yielding the right of way to a vehicle already in the roadway."  Commonwealth of Pennsylvania Police

Crash Reporting Form, 3/31/13.  Officer Calabrese issued a traffic citation to Appellant for vehicles entering a roadway.  *Id*.

Less than two weeks later, on June 12, 2013, Yan filed a Statement of Claim with the Philadelphia Municipal Court, which listed Appellant's address as 5100 Lebanon Avenue, Apartment A1002, Philadelphia, PA  19131.  This was the same address Appellant provided at the accident scene, and which Officer Calabrese listed in the accident report.  Thereafter, in a succession of filings, Yan attempted service on Appellant.  **See** Trial Court Opinion, 5/21/15, at 1-3 (detailing Yan's attempts at service).  On January 31, 2014, default judgment in favor of Yan and against Appellant was entered in the amount of $12,182.60.  Appellant did not appear during the Municipal Court proceedings.  On January 28, 2015, he filed his petition to appeal *nunc pro tunc* from the January 31, 2014 entry of default judgment with the trial court in the Philadelphia Court of Common Pleas.  On March 17, 2015, the trial court entered its order denying Appellant's petition to appeal *nunc pro tunc*.  Appellant filed this timely appeal on April 1, 2015.[1]

On appeal, Appellant presents the following issue.

> Did the Court of Common Pleas of Philadelphia County err i[n] refusing to allow Appellant[']s Petition for Allowance of Appeal *Nunc Pro Tunc* when the dockets of the original Municipal Court litigation clearly show a "breakdown in the administrative

---

[1] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

process", where Appellant[']s failure to timely file was due to excusable neglect, where Appellant did appeal within a short time after becoming aware of the Municipal Court judgment, where Appellant had a valid defense to the underlying claim and where, as a result of the above, Appellant clearly was denied his day in Court?

Appellant's Brief at 2.

"Allowance of an appeal *nunc pro tunc* lies at the sound discretion of the [t]rial [j]udge." **Nagy v. Best Home Servs., Inc.**, 829 A.2d 1166, 1167 (Pa. Super. 2003) (citation omitted). The timeliness of an appeal, whether it is an appeal to an appellate court or a *de novo* appeal in common pleas court, is a jurisdictional question. **Lee v. Guerin**, 735 A.2d 1280, 1281 (Pa. Super. 1999) (citation omitted). Where a statute fixes the time within which an appeal may be taken, the time may not be extended as a matter of indulgence or grace. **Id**.

Here, it is undisputed that the trial court had jurisdiction pursuant to 42 Pa.C.S.A. § 932. Furthermore, Philadelphia Municipal Court Rule of Civil Procedure 124 provides as follows.

> A party aggrieved by a judgment for money … may appeal therefrom within 30 days after the date of the entry of the judgment by filing with the prothonotary of the Court of Common Pleas a notice of appeal together with a copy of the Municipal Court disposition sheet. The prothonotary shall not accept an appeal from an aggrieved party which is presented for filing more than 30 days after the date of judgment without leave of the Court of Common Pleas and upon good cause shown.

Phila. M.C.R. Civ.P. 124.

- 3 -

After thoroughly reviewing the record, we conclude that the trial court did not abuse its discretion in denying Appellant's petition to appeal *nunc pro tunc*. Moreover, the Honorable Nina Wright Padilla, sitting as the trial court, has authored a cogent opinion, citing both the record and applicable legal authority, such that further commentary by this Court is not warranted, and would be redundant. Judge Wright Padilla, *inter alia*, concluded that "[f]rom the record, it appears that any failure to serve was due to Appellant's own interference." Trial Court Opinion, 5/21/15, at 5. Judge Wright Padilla additionally observed as follows.

> Appellant cannot claim that he "promptly filed" his appeal. Even assuming he did not have notice of the municipal court action at the time of its filing, the notice from PENNDOT regarding his license suspension was sent to him May 7, 2014. He appealed that notice May 29, 2014. The notice included the court term and number of the action resulting in [default] judgment. Consequently, Appellant was aware of said action at the very least as of May 29, 2014, though he did not file a petition to appeal *nunc pro tunc* until January 28, 2015, seven (7) months and thirty (30) days later.

*Id*. at 5-6.

Based on the foregoing, we find that Judge Wright Padilla has properly addressed and disposed of Appellant's issue on appeal in her May 21, 2015 opinion. We therefore adopt Judge Wright Padilla's opinion as our own in affirming the March 17, 2015 order.

Order affirmed.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/2015

**IN THE COURT OF COMMON PLEAS**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**

JULIAN SMITH                                    :        SUPERIOR COURT No.
                                               :        998 EDA 2015
          v.                                    :
                                               :        Civil Division
                                               :        January Term 2015, No. 3545
HUIJUN YAN                                      :

## OPINION

Appellant, Julian Smith, appeals from this Court's decision denying his petition to appeal *nunc pro tunc* from judgment entered by the Municipal Court of Philadelphia in favor of Appellee, Huijun Yan.

Smith Vs Yan-OPFLD


15010354500013

## FACTS AND PROCEDURAL HISTORY

The underlying case is the result of a car accident that occurred on March 31, 2013 on Belmont Avenue in the township of Lower Merion. A police report was taken and Appellant gave his address as 5100 Lebanon Avenue A1002, Philadelphia, Pennsylvania, 19131. *See* Exhibit "A" to this Court's Opinion.

On June 12, 2013, Appellee filed a Statement of Claims in the Philadelphia Municipal Court.

On June 27, 2013, Appellee filed an "Affidavit of Service Not Made" upon Appellant. Said Affidavit stated that the process server attempted to make service upon Appellant at 5100 Lebanon Avenue, Apartment A1002 in Philadelphia, Pennsylvania, 19131. A black male approximately forty-five (45) years old, 5' 10" and approximately one hundred ninety (190) pounds, stated that Appellant was "unknown" to him. *See* Exhibit "B" to this Court's Opinion.

On July 29, 2013, the case was dismissed without prejudice due to failure to serve. Appellee appeared at the hearing; Appellant did not. *See* Exhibit "A" to this Court's Opinion.

10

On October 29, 2013, Appellee filed an "Affidavit of Postal Verification" of Appellant's new address, listed as 1101 S. Divinity Street, Philadelphia, Pennsylvania, 19143. *See* Exhibit "C" to this Court's Opinion.

On November 1, 2013, the case was relisted.

On November 25, 2013, Appellee filed an "Affidavit of Service Not Made" upon Appellant. The Affidavit stated that the process server attempted to make service upon Appellant at 1101 S. Divinity Street, Philadelphia, PA 19143. There were four (4) apartments with mailboxes with different names. A black female approximately thirty (30) years old, 5' 6", and one hundred fifty (150) pounds stated that Appellant was unknown to her. *See* Exhibit "D" to this Court's Opinion.

On December 16, 2013, the case was dismissed without prejudice due to failure to serve. Appellee appeared at the hearing; Appellant did not. *See* Exhibit "A" to this Court's Opinion.

On December 17, 2013, Appellee submitted a letter providing Appellant's new address as 3900 Haverford Avenue 302, Philadelphia, Pennsylvania, 19104. That same day, the matter was relisted.

On January 6, 2014, Appellee filed an Affidavit of Service upon Appellant. The Affidavit stated that the process server made service on Joe Walker, an adult in charge of 3900 Haverford Avenue, on December 27, 2013. Joe Walker was described as a black male, approximately fifty-five (55) years old, 5' 10", and one hundred ninety (190) pounds. *See* Exhibit "F" to this Court's Opinion.

On January 31, 2014, judgment was entered by default in favor of Appellee for $12,000.00, plus $182.60 costs, for a total of $12,182.60. *See* Exhibit "A" to this Court's Opinion.

On February 21, 2014, Appellee filed a Praecipe for Writ of Execution. *See* Exhibit "A" to this Court's Opinion.

On April 4, 2014, Appellee filed a Petition to Break and Enter. A hearing was scheduled for April 24, 2014. *See* Exhibit "A" to this Court's Opinion.

2

On April 17, 2014, Appellee filed an "Affidavit of Service Not Made" upon defendant at 3900 Haverford Avenue, Apartment 302. The process server was unable to make service on Appellant on April 11, 2014, but swore that he was informed by a "Miss Holland" that Appellant resided in Apartment 302. Miss Holland was described as a black female of approximately twenty five (25) years old, 5' 6", and one hundred fifty (150) pounds. *See* Exhibit "G" to this Court's Opinion.

On April 24, 2014, following a hearing, Appellee's Petition to Break and Enter was withdrawn without prejudice due to lack of service and insufficient proof that Appellant lived at that address. *See* Exhibit "A" to this Court's Opinion.

On May 7, 2014, PENNDOT suspended Appellant's commercial driver's license.[1] The notice stated that his driving privilege was being revoked due to a judgment resulting from a motor vehicle accident on March 31, 2013 docketed at Court No. 3979, term 2013.

On January 28, 2015, Appellant commenced the instant case by petition to file an appeal *nunc pro tunc*. He averred that the accident was not his fault and that he had an eyewitness, Desiree Holland, to back up his version of the events. He averred that service was "never attempted" at the 5100 Lebanon Avenue address, and that he has never resided at 3900 Haverford Avenue. Appellant also averred that the December 11, 2014 hearing for his statutory appeal from his license suspension was "the first time" that the suspension was explained to him and he received copies of the Small Claims documentation.

On March 17, 2015, this Court denied Appellant's Motion.

On April 1, 2015, Appellant filed a timely Notice of Appeal to the Superior Court.

On April 8, 2015, this Court issued its Order pursuant to Pa.R.A.P. 1925(b), directing Appellant to file his Concise Statement of Matters Complained of on Appeal within twenty-one (21) days.

---

[1] Appellant's statutory appeal from the decision of PENNDOT revoking his license is docketed at May Term 2014, No. 3539, and was filed May 29, 2014. *See* Exhibits "H" and "I" to this Court's Opinion.

3

On April 14, 2015, Appellant filed a timely Statement of Matters Complained on Appeal, arguing that this Court erred as: Appellant has a valid defense to the underlying automobile accident; Appellant was denied his day in court; Appellant was never served with the small claims complaint; service was faulty as Appellant never lived at the addresses where service was effectuated; that Appellant timely filed his appeal; and that this amounted to a "breakdown in the Court's operation."

## DISCUSSION

Appellant contests this Court's denial of his Petition to Appeal Nunc Pro Tunc from a Judgment in the Municipal Court of Philadelphia.

This Court has exclusive jurisdiction to hear appeals from final orders of the minor judiciary established within the judicial district. 42 Pa.C.S. § 932. Pursuant to the Philadelphia Municipal Court Rules of Civil Procedure, a party aggrieved by a money judgment may appeal therefrom **within thirty (30) days** after the date of the entry of the judgment, and the prothonotary may not accept an appeal more than thirty (30) days after the date of judgment without leave of the Court of Common Pleas and **upon good cause shown**. Phila. M.C.R. Civ.P. No. 124.

Where an act of assembly fixes the time within an appeal from minor judiciary must be perfected, the court has no power to extend it; there must be fraud or its equivalent to permit an appeal nunc pro tunc. *W. W. Grainger, Inc. v. W. C. Ruth & Son*, 192 Pa. Super. 446, 449, 161 A.2d 644, 646 (1960). Mere lack of notice or knowledge of the entry of judgment is not a sufficient reason to strike said judgment. *Id.* Allowance of an appeal *nunc pro tunc* is within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *See McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. Ct. 1999); *Rothstein v. Polysciences, Inc.*, 2004 Pa. Super. 249, 853 A.2d 1072, 1075 (Pa. Super. Ct. 2004). An abuse of discretion is "not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or

4

the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." *Fischer v. UPMC Nw.,* 2011 Pa. Super. 247, 34 A.3d 115, 120 (Pa. Super. Ct. 2011).

Where a party requests permission to file an appeal *nunc pro tunc* it is because counsel for the appealing party has not timely filed an appeal. *Amicone v. Rok,* 2003 Pa. Super. 500, 839 A.2d 1109, 113 (Pa. Super. Ct. 2003) (where prothonotary's failure to time-stamp or docket notice of appeal on receipt resulted in breakdown). More than mere hardship must be shown; a trial court may grant an appeal only if the delay is "caused by extraordinary circumstances involving 'fraud or some breakdown in the court's operation through a default of its officers.'" *Id.* Such cases may involve failure of the prothonotary to file dispositions or other relevant information on the docket, or give notice of those dispositions to interested parties. *Rothstein,* 853 A.2d at 1075.

An appeal may be permitted where "1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; 3) the appellant filed the notice of appeal shortly after the expiration date; and 3) the appellee was not prejudiced by the delay." *Americone,* 839 A.2d at 113. Non-negligent reasons include illness and hospitalizations. *Id.*

In the instant case, Appellant has not shown that non-negligent circumstances resulted in this delay. Service *was* attempted at the 5100 Lebanon Avenue address, however, the process server was informed by a person in the apartment Appellant gave as his address that Appellant was unknown to him. Service was then attempted at two separate addresses, one with a postal verification, and the other where a woman bearing the same name as Appellant's eye witness informed the process server that Appellant lived in 3900 Haverford Avenue, Apt. 302. From the record, it appears that any failure to serve was due to Appellant's own interference.

Additionally, Appellant cannot claim that he "promptly filed" his appeal. Even assuming he did not have notice of the municipal court action at the time of its filing, the notice from PENNDOT

5

regarding his license suspension was sent to him May 7, 2014. He appealed that notice May 29, 2014. The notice included the court term and number of the action resulting in judgment. Consequently, Appellant was aware of said action at the very least as of May 29, 2014, though he did not file a petition to appeal *nunc pro tunc* until January 28, 2015, seven (7) months and thirty (30) days later. None of the facts listed above amount to fraud, or a breakdown of this Court's operations.

Consequently, Appellant has not shown good cause why his Petition to Appeal *nunc pro tunc* should have been granted and this Court did not abuse its discretion in denying said Petition.

## CONCLUSION

For all of the reasons stated above, this Court's decision should be affirmed and Appellant's appeal dismissed.

BY THE COURT:

DATE: May 21, 2015

NINA WRIGHT PADILLA, J.