J-S76002-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| WILBERT WASHINGTON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ACE'S & DEUCE'S LOUNGE & BCLT, INC., D/B/A ACE'S & DEUCE'S LOUNGE, | |
| Appellant | No. 1227 WDA 2017 |

Appeal from the Order Entered August 11, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): GD 11-015662

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:                FILED FEBRUARY 19, 2019

Appellants, Ace's & Deuce's Lounge and BCLT, Inc., d/b/a Ace's & Deuce's Lounge, appeal from the trial court's August 11, 2017 order denying their motion to reinstate their appellate rights.  We affirm.

We need not detail the facts underlying this matter, as they are not germane to our disposition.  Instead, we only discuss the procedural history, which the trial court summarized as follows:

On August 21, 2017, [Appellants] filed an appeal in the [above-]captioned action, which [the trial court] originally and mistakenly believed was from the judgment entered on June 15, 2017. [Appellants] filed an earlier appeal in this action roughly two years ago, on November 5, 2015, at 1754 WDA 2015, which was quashed...[,] because judgment had not been entered. [Appellants] took no steps after that action to have the judgment entered on the docket.  Sometime thereafter, [Appellee, Wilbert Washington,] who had acted pro se during the trial and after, retained legal counsel[,] and eventually judgment in favor of

[Washington] was entered[] on June 15, 2017.[1] [Appellants] filed an application on July 14, 2017, to the Superior Court to reinstate their earlier appeal. That application was denied on July 19, 2017, because [the] Superior Court no longer had jurisdiction of the case.

[Appellants] filed the instant appeal on August 21, 2017. However, this appeal appears to be from the denial on August 11, 2017, by the Honorable Michael A. Della Vecchia,[2] of [Appellants'] Motion to Reinstate the earlier appeal. Pursuant to [the trial court's] order, [Appellants] later filed a [s]tatement of [m]atters [c]omplained of on [a]ppeal, raising four issues, the first and most important being their contention that their appellate rights should have been reinstated by either the Superior Court or this [c]ourt.

Trial Court's Rule 1925(a) Opinion, 12/15/2017, at 1-2 (internal citation omitted).

In the trial court's Rule 1925(a) opinion, it states that Appellants' August 11, 2017 motion — the denial of which forms the basis of this appeal — sought to reinstate the earlier appeal that this Court had quashed. However, Appellants contend in their brief that this motion actually requested that the trial court reinstate their appellate rights, i.e., they sought permission "to file a new notice of appeal essentially nunc pro tunc." Appellants' Brief at 9 (some original emphasis omitted). We agree with Appellants that the trial court mischaracterized their motion in its Rule 1925(a) opinion, and overlooked that they sought to file an appeal nunc pro tunc. With that clarification, we

_____

[1] We note that Appellants maintain that Washington "was not pro se for trial." Appellants' Brief at 9.

[2] Although Judge Della Vecchia denied Appellants' August 11, 2017 motion, a different judge authored the trial court's opinion pursuant to Pa.R.A.P. 1925(a).

examine whether Judge Della Vecchia should have allowed Appellants to file a notice of appeal nunc pro tunc.

It is well-established that, "[i]n order to preserve the right to appeal from a final order of the Court of Common Pleas, a notice of appeal must be filed within 30 days after the date of entry of that order. This Court is without jurisdiction to excuse a failure to file a timely notice, as the 30-day period must be strictly construed." Valley Forge Center Associates v. Rib-It/K.P., Inc., 693 A.2d 242, 245 (Pa. Super. 1997) (internal quotation marks and citations omitted). Accordingly, "an untimely appeal divests this Court of jurisdiction." Id. (citation omitted).

> With respect to appeals nunc pro tunc, this Court has explained:
>
> Our Supreme Court has characterized the purpose of nunc pro tunc restoration of appellate rights as follows:
>
>> Allowing an appeal nunc pro tunc is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the principle emerges that an appeal nunc pro tunc is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances. Generally, in civil cases[,] an appeal nunc pro tunc is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.
>
> Union Elec. Corp. v. Bd. Of Prop. Assessment, Appeals & Review of Allegheny Cty., 560 Pa. 481, 746 A.2d 581, 584 (2000) (citations and internal quotation marks omitted).
>
> Our standard of review over an order denying nunc pro tunc restoration of a petitioner's appellate rights is deferent:
>
>> The denial of an appeal nunc pro tunc is within the discretion of the trial court, and we will only reverse for an abuse of that discretion. Freeman v. Bonner, 761 A.2d 1193, 1194 (Pa. Super. 2000). In addition to the occurrence of "fraud

> or breakdown in the court's operations," nunc pro tunc relief may also be granted where the appellant demonstrates that "(1) [his] notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) [he] filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." Criss v. Wise, 566 Pa. 437, 781 A.2d 1156, 1159 (2001).

> Rothstein v. Polysciences, Inc., 853 A.2d 1072, 1075 (Pa. Super. 2004) (citations modified). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." U.S. Bank N.A. v. Mallory, 982 A.2d 986, 994 (Pa. Super. 2009).

Vietri ex rel. Vietri v. Delaware Valley High School, 63 A.3d 1281, 1284 (Pa. Super. 2013).

In Appellants' motion to reinstate their appellate rights, they asserted that, since we quashed their first appeal because judgment was not entered, "[i]t would be unjust for [Appellants] to be denied their right to appeal when, in fact, [Appellants] did file a timely notice of appeal. [Appellants'] appellate rights should be reinstated so that [they] can file a new notice of appeal." Appellants' Motion to Reinstate Appellate Rights, 8/11/2017, at ¶ 7. In their brief, they reiterate this exact argument. Appellants' Brief at 9-10.

We discern no abuse of discretion by Judge Della Vecchia in denying Appellants' request to reinstate their appellate rights so they could file a new notice of appeal. Appellants do not allege that they missed filing a timely appeal from the June 15, 2017 judgment due to fraud or breakdown in the court's operations, or as a result of nonnegligent circumstances. In fact, they provide no explanation whatsoever for why they could not file an appeal by

July 17, 2017, the final day of the appeal period.[3]  We also remind Appellants that they could have filed a praecipe to have judgment entered — it was not required for Washington to do so.  See Pa.R.C.P. 227.4 (concerning the entry of judgment upon praecipe of a party).  Finally, we observe that, in our December 28, 2015 order quashing Appellants' previous appeal, we informed Appellants that their appeal is quashed "without prejudice to the filing of a subsequent appeal once judgment has been entered."  Order, 12/28/2015, at 1 (unnumbered, single page).  Thus, we made it clear that Appellants were to file a new notice of appeal once judgment had been entered, rather than seek to reinstate the previous appeal with this Court.  Therefore, based on the foregoing, we conclude that Judge Della Vecchia did not abuse his discretion in denying Appellants nunc pro tunc relief.[4]

Order affirmed.

––––––––––––––––––––––––––––––––––

[3] "An appeal from an order denying post-trial motions is interlocutory.  An appeal to this Court can only lie from judgments entered subsequent to the trial court's disposition of post-verdict motions, not from the order denying post-trial motions."  See Fanning v. Davne, 795 A.2d 388, 391 (Pa. Super. 2002) (citations omitted).  The thirtieth day after the entry of judgment from which Appellants should have appealed fell on Saturday, July 15, 2017.  Thus, they had until Monday, July 17, 2017, to file a timely notice of appeal.  See 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, … such day shall be omitted from the computation.").

[4] As a result of our disposition, we do not address the other issues raised in Appellants' brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2019