J-A21042-24
J-A21043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHAD BATTERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SILVIA SANTO | : | No. 116 EDA 2024 |

Appeal from the Order Entered November 17, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2019-06877

| | | |
|---|---|---|
| CHAD BATTERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SILVIA SANTO | : | No. 117 EDA 2024 |

Appeal from the Order Entered November 20, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2019-06877

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM PER CURIAM:                    **FILED JANUARY 15, 2025**

Chad Batterman ("Batterman") appeals pro se from the orders entered by the Montgomery County Court of Common Pleas ("trial court") denying his petitions to appeal nunc pro tunc from the denial of his petitions seeking to

proceed in forma pauperis ("IFP") in two separate appeals.[1]  Upon review, we conclude the trial court did not abuse its discretion in denying the petitions and affirm.

Batterman and Silvia Santo ("Santo") were married in November 2014, separated in November 2017, and divorced in August 2023.  The parties had two children during the marriage.  Relevant herein, the trial court entered separate orders on July 12, 2023[2]—finding Batterman in civil contempt of the parties' custody order—and July 13, 2023—terminating the suspension of Batterman's physical custody rights but leaving a prior custody order in place.  Batterman filed separate timely appeals from these orders on August 11, 2023.  Simultaneously, Batterman filed IFP petitions regarding the filing fees associated with each appeal.  On October 5, 2023, the trial court held a hearing on eight pending IFP petitions filed by Batterman, including the two IFP petitions at issue in this case.  At the conclusion of the hearing, the trial court denied the petitions.  The trial court provided a copy of the orders to Batterman and his privately-retained counsel at the conclusion of the hearing.

_____

[1] Batterman has filed identical appellate briefs for 116 EDA 2024 and 117 EDA 2024.  Therefore, we will address these appeals together and refer to the briefs in both appeals together as "Batterman's Brief."

[2] The order was entered on July 11, 2023, but was not docketed and served on the parties until July 12, 2023.  *See* Pa.R.A.P. 108(a)-(b) (noting that the "date of entry" of an order is "the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties" and "the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)").

Notably, the docket indicates that notice of the orders was provided to both parties on October 6, 2023.  Batterman ultimately failed to pay the filing fees and the August 11, 2023 appeals were dismissed.[3]

On November 6, 2023, Batterman filed separate petitions—both titled "petition for leave to appeal nunc pro tunc"—from the October 6, 2023 orders.[4] The trial court denied the petitions on November 17, 2023, and November 20,

---

[3] The trial court stated that because Batterman "failed to pay the fee by [the] deadline[,] the Prothonotary's Office properly struck the appeal."  Trial Court Opinion (117 EDA 2024), 2/1/2024, at 2; **accord** Trial Court Opinion (116 EDA 2024) 1/31/2024, at 2.  Batterman does not dispute this characterization. **See** Batterman's Brief at 23.  However, neither Batterman nor the trial court cites to the record to confirm the dismissal of the relevant appeals, and our independent review of the record shows no mention of the appeals.

[4] The appeals from the October 6, 2023 orders were required to be filed within thirty days after the docket indicates notice of the orders was provided to the parties, which would have been November 5, 2023.  **See Carr v. Michuck**, 234 A.3d 797, 805 (Pa. Super. 2020) (noting that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given") (citation omitted).  November 5, 2023, however, was a Sunday; therefore, the time to file a timely appeal would have been November 6, 2023.  **See** 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").  Batterman did not file a notice of appeal in the form required pursuant to Pa.R.A.P. 904 (Content of the Notice of Appeal), and instead filed a request to appeal nunc pro tunc; we therefore address Batterman's appeal under the auspices of a petition seeking nunc pro tunc relief.  **See** Pa.R.A.P. 902 ("An appeal permitted by law as of right from a lower court to an appellate court shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal).");  **see also Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021) (noting that a "pro se litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court," and any person representing himself assumes "the risk that his … lack of expertise and legal training will prove his … undoing.").

2023, respectively. Batterman filed separate appeals from each order and petitions for leave to proceed IFP in these appeals. The trial court denied the petitions to proceed IFP. Subsequently, Batterman paid the filing fees.

On appeal, Batterman argues that he should be entitled to appeal nunc pro tunc from the denial of his request to proceed IFP in the dismissed appeals. Batterman's Brief at 5. Batterman contends that he did not receive notice of the order denying his motions. *Id.* at 9-10, 13-14. Specifically, Batterman argues that the trial court did not deny the IFP petitions on the record during the October 5, 2023 hearing. *Id.* at 13. Further, Batterman maintains that the trial court's statement at the conclusion of the October 5, 2023 hearing that the orders would be given to the parties at the conclusion of the hearing does not establish he received it or had knowledge of the orders. *Id.* at 10, 19, 20-22, 26-27, 39. Batterman claims that he was immediately taken to the Montgomery County Jail after the October 5, 2023 hearing and had no access to documents or email. *Id.* at 11, 13, 14, 19-21, 23; *see also id.* at 21 (noting that the prothonotary confirmed that the trial judge instructed that Batterman be served "via electronic communications"). Batterman asserts that this Court revoked his access to electronic filing after January 30, 2023, and he therefore was unable to view filings on his docket online. *Id.* at 21, 34. Batterman further asserts that he did not have his counsel's contact information to learn about the order. *Id.* at 14 n.5. Additionally, Batterman claims that in Montgomery County, the trial judge, when denying an IFP

petition, is supposed to use the final page of the IFP petition to issue the order so that the prothonotary can contact the litigant by phone, but because the order in this case was so long and the docket does not indicate the result, the prothonotary was unaware of the denial. *Id.* at 15-16.

According to Batterman, he was incarcerated until October 16, 2023, and thus had no way to pay the appeal fees in a timely manner to avoid dismissal of his August 11, 2023 appeals. *Id.* at 14, 24, 35. Batterman admits that if he had been informed about the denial of his request to proceed IFP he would have paid the filing fees within ten days, as required under to rules to avoid having his appeals dismissed. *Id.* at 16, 22-24, 28; *see also id.* at 25 (noting he has "never failed to timely pay a Notice of Appeal fee"). Batterman concludes that this was a breakdown in the process of the court, and, further, that he had a non-negligent reason for failing to file a timely appeal, he corrected the error immediately, and any prejudice to Santo is minimal. *Id.* at 23, 24, 25, 36, 39. Batterman also claims that the trial court erred by failing to hold a hearing on his nunc pro tunc petitions, as there were factual issues that needed to be resolved. *Id.* at 39-40. Batterman contends that he would face hardship if his request seeking nunc pro tunc relief is not granted. *Id.* at 36, 38.

Our standard of review for an order denying nunc pro tunc restoration of direct appeal rights is to determine whether the trial court abused its discretion. *Vietri ex rel. Vietri v. Delaware Valley High Sch.*, 63 A.3d

1281, 1284 (Pa. Super. 2013). "An abuse of discretion occurs when a trial court, in reaching its conclusions, overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." *Id.* (citation omitted).

Trial courts have the authority allow a nunc pro tunc filing:

(1) where the appellant demonstrates that a late filing was the result of non-negligent circumstances, that the request for nunc pro tunc relief was made shortly after the relevant deadline passed, and that relief would not prejudice the other party; (2) where a breakdown in court operations occurred; or (3) where fraud has been established.

*Carr*, 234 A.3d at 802 (citation omitted).

The trial court explained its reasons for rejecting Batterman's claims:

Instantly, [Batterman's] is plainly not a situation where an appeal nunc pro tunc was warranted or justified. Moreover, there were no issues of material fact that required an evidentiary hearing. The court did not err in denying [Batterman's] petition to appeal nunc pro tunc. …

In connection with [Batterman's] numerous IFP petitions, the [trial] court has conducted hearings regarding [Batterman's] ability to pay filing fees and court costs in-accordance with [*Amrhein v. Amrhein*, 903 A.2d 17, 23 (Pa. Super. 2006).]

These hearings have taken place on March 11, 2022, August 9, 2022, and again on October 5, 2023.

In the October 5, 2023 order, after hearing testimony and considering evidence, [the trial] court found that [Batterman] had sufficient resources to pay for the fees for which he was seeking relief and denied the then-pending eight IFP petitions. …

[Batterman] subsequently filed a petition to appeal nunc pro tunc on November 6, 2023[,] which th[e trial] court denied without a hearing. The [trial] court did not schedule a hearing because it was readily evident that there was no need for one.

- 6 -

[Batterman] was on actual notice on October 5, 2023[,] that his eight IFP petitions, including the instant petition, had been denied. The [trial] court specifically instructed the court clerk to hand [Batterman] and his counsel a copy of the order prior to their leaving the courtroom.[fn1]

> [fn1] … Specifically, during the hearing the court stated that "[t]he [c]ourt order, a copy will be distributed to the parties and counsel immediately after the conclusion of this hearing." N.T., 10/5/2023, pp. 55-56. At the conclusion of the hearing, on the record, the court stated that "[m]y clerk will distribute a copy of the order to both parties and both counsel." *Id.* at 59. Immediately after the hearing, the court clerk distributed a copy of the order to both parties and both counsel.

The docket reflects that an emailed copy of the order was served on both counsel of record the following day. There can be no reasonable doubt that [Batterman] was properly (and actually) served notice of the trial court's denial of his IFP petition. And there was no fraud or breakdown in the court process. Any claim to the contrary is belied by the record.[fn2]

> [fn2] [Batterman's] claim that he was unaware of the October 5, 2023 order carries no weight. [Batterman] has (i) made hundreds of patently untruthful statements in his hundreds of filings and appeals, (ii) been found to have testified incredibly on numerous occasions (including a number of times when he claimed to be unaware of a served court order) and (iii) produced sworn testimony from both of his parents that the court has determined to be incredible.

One of [Batterman's] complaints is that he was incarcerated during the relevant 10-day period. This does not entitle him to nunc pro tunc relief. [Batterman] was incarcerated after being found in contempt and sanctioned for violating multiple orders in this case. Certainly[,] there is no requirement that the court extend statutory filing deadlines for appellants whose contemptuous behavior results in their incarceration. …

[Batterman's] claim that the court should have conducted a hearing must fail. [T]here is no absolute right to an evidentiary hearing with respect to a nunc pro tunc petition. The court submits that this is wholly appropriate [as] sometimes a hearing is not necessary because a petition fails on its face. Such was the

case here.  [Batterman] was unable to credibly assert "good cause shown" for a reinstatement of the appeal. …

The instant matter does not present "unique and compelling" or "extraordinary circumstances" - as contemplated by Pennsylvania case law - where nunc pro tunc relief is appropriate.  [Batterman] ultimately forgot, neglected[,] or decided not to pay the fee as prescribed by [Pa.R.Civ.P.] 240.  The Prothonotary appropriately struck the appeal when this fee was not timely paid.  There was no fraud or breakdown in the court system and no non-negligent reason for [Batterman's] failure to … appeal.  There was no need for a hearing because there was no material issue of fact and [Batterman] did not assert a set of circumstances that could reasonably be considered "good cause shown" as required by Rule 240.  The court did not abuse its discretion in denying [Batterman's] nunc pro tunc petition without a hearing.

Trial Court Opinion, 1/31/2024, at 4-8 (footnotes in original; some footnotes omitted; emphasis omitted); *accord* Trial Court Opinion, 2/1/2024, at 6-9.

Upon review, we do not find that the trial court abused its discretion in denying Batterman's petitions to appeal nunc pro tunc.  First, Batterman has not established a breakdown in court operations.  A breakdown in the operations of the court requires proof, in pertinent part, of "a failure on the part of the prothonotary to fulfill his or her ministerial duties, such as the filing of dispositions and other relevant information on the appropriate docket, or giving notice of these dispositions to interested parties." *Rothstein v. Polysciences, Inc.*, 853 A.2d 1072, 1075 (Pa. Super. 2004).  As the trial court noted, the evidence of record established that Batterman was provided notice of the orders in question both at the hearing and by email to his counsel on October 6, 2023.  *See* Pa.R.Civ.P. 236.

Batterman also has not presented a non-negligent reason for failing to file a timely appeal. **Carr**, 234 A.3d at 802. "The exception for allowance of an appeal nunc pro tunc in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that []he attempted to file an appeal, but unforeseeable and unavoidable events precluded h[im] from actually doing so." **Criss v. Wise**, 781 A.2d 1156, 1160 (Pa. 2001). In this case, Batterman did not attempt to file an appeal, despite evidence that both he and his counsel were provided notice of the orders, he was out of prison on October 16, 2023, and the appeal was due on November 6, 2023. In fact, Batterman clearly could have filed timely appeals, as he filed his petition to appeal nunc pro tunc on November 6, 2023, instead of filing notices of appeal. Batterman has filed numerous appeals throughout the life of this matter and has knowledge of the process; therefore, his failure to file a timely appeal in this case did not constitute a non-negligent circumstance warranting reversal of the trial court's order.[5]

Finally, Batterman has not established that the trial court was required to hold a hearing on his petitions. Batterman bases his claim solely on his assertion that he did not receive notice of the orders denying his request to proceed IFP. The record, however, plainly establishes that he received notice of the orders both at the conclusion of the October 5, 2023 hearing and via

---

[5] Batterman does not allege fraud caused the untimely appeal. **See Carr**, 234 A.3d at 802.

email to his counsel.  ***See*** N.T., 10/5/2023, at 55-56, 59; ***see also*** Docket, 10/6/2023.  Thus, there was no reason for the trial court to hold a hearing and we find no abuse of discretion in its decision.  ***See Vietri ex rel. Vietri***, 63 A.3d at 1284.

For the foregoing reasons, we affirm the trial court orders denying Batterman's petitions for nunc pro tunc relief.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  1/15/2025