**Stephen G. PUCKETT, Appellee,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 12, 2002.

Decided Aug. 1, 2002.

something to me. Do something to my family." N.T. 395; R.R. 392a.

Marc A. Werlinsky and Timothy P. Wile, Asst. Counsel In-Charge, King of Prussia, for appellant.

Marc D. Daffner, Pittsburgh, for appellee.

Before McGINLEY, Judge, PELLEGRINI, Judge, McCLOSKEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Department of Transportation, Bureau of Driver Licensing (PennDot) appeals from an order of the Court of Common Pleas of Allegheny County (trial court) sustaining Stephen G. Puckett's (Licensee) statutory appeal from eight consecutive six-month suspensions of his operating privilege imposed by PennDot.

On March 12, 1998, Licensee was arrested and charged with nine violations of the Controlled Substance, Drug, Devices and Cosmetic Act (Act), Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. § 780–101–780–142—six counts of delivery of a controlled substance in violation of Section 13(a)(30) of the Act, 35 P.S. § 780–113(a)(30),[1] and two counts of possession of a controlled substance in violation of Section 13(a)(16) of the Act, 35 P.S. § 780–

---

1. That section provides:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

\* \* \*

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

113(a)(16).[2] On August 7, 1998, Licensee was arrested and charged with two more violations of Section 13(a)(30) of the Act and two more violations of Section 13(a)(16) of the Act. On March 12, 1999, Licensee was convicted of all the charges which included, in total, four violations of Section 13(a)(16) of the Act and eight violations of Section 13(a)(30) of the Act. On May 7, 2000, Licensee was sentenced to serve a period of incarceration of two and one-half years to five years.

After receiving notification of Licensee's convictions, between June 1, 1999, and June 15, 1999, PennDot sent official notices to Licensee informing him that due to his convictions, his operating privilege would be suspended for six months for each conviction pursuant to Section 1532(c) of the Vehicle Code, 75 Pa.C.S. § 1532(c).[3] The notices were sent to Licensee's parents' address which was also Licensee's registered address with PennDot. Upon receipt of the notices, Licensee's mother surrendered his license to PennDot. After learning of the receipt of the PennDot notices and the subsequent surrender of his license when he was released from incarceration on February 8, 2001, Licen-

see filed a petition to file appeal nunc pro tunc[4] and a *de novo* hearing was held.

At the hearing, PennDot entered into evidence a packet of certified documents which included the reports indicating Licensee's convictions of Sections 13(a)(16) and 13(a)(30) of the Act, as well as copies of the notices sent to Licensee at his registered address. Alleging that he had not received any notice of those suspensions until February 8, 2001, Licensee argued that he was entitled to an appeal *nunc pro tunc* and, because eight of the suspensions were based on violations of Section 13(a)(30) of the Act, and, therefore, were lesser included offenses of the Section 13(a)(16) violations, those suspensions could not be applied in a consecutive manner. Finding that extraordinary circumstances existed as to warrant Licensee's appeal *nunc pro tunc*, the trial court granted his appeal. Additionally, finding that a conviction under Section 13(a)(30) of the Act was a lesser-included offense to a conviction under Section 13(a)(16), the trial court concluded that the suspensions attributable to the Section 13(a)(30) convictions should be merged into the Section

2. That section provides:

   (a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

   * * *

   (16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

3. Section 1532(c) provides, in relevant part:

   (c) Suspension.—The department shall suspend the operating privilege of any person upon receiving a certified record of the person's conviction of any offense involving

the possession, sale, delivery, offering for sale, holding for sale or giving away of any controlled substance under the laws of the United States, this Commonwealth or any other state, or any person 21 years of age or younger upon receiving a certified record of the person's conviction or adjudication of delinquency under 18 Pa.C.S. § 2706 (relating to terrorist threats) committed on any school property, including any public school grounds, during any school-sponsored activity or on any conveyance providing transportation to a school entity or school-sponsored activity.

   (1) The period of suspension shall be as follows:

   (i) For a first offense, a period of six months from the date of the suspension.

4. Leave to file his appeal *nunc pro tunc* was granted by the trial court on May 3, 2001.

13(a)(16) convictions and run concurrent to them and sustained Licensee's appeal as to the eight Section 13(a)(30) six-month suspensions.[5] This appeal followed.

Initially, PennDot contends that the trial court erred in granting Licensee's appeal *nunc pro tunc.*[6] It argues that Licensee was not entitled to have his untimely appeal heard on the merits merely because he was incarcerated at the time the notice of suspension letters were mailed to his address of record.

■ As a general rule, an appeal *nunc pro tunc* will be granted in civil cases only where the appeal was untimely filed due to fraud or a breakdown in the court's operations. *Smith v. Department of Transportation, Bureau of Driver Licensing,* 749 A.2d 1065 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 568 Pa. 669, 795 A.2d 980 (2000). However, that standard has been relaxed where a litigant's right to appeal has been lost due to "extraordinary circumstances." *Commonwealth v. Stock,* 545 Pa. 13, 679 A.2d 760 (1996). Each case, however, is limited to the unique and compelling factual circumstances of that particular case. *Smith.*

■ The courts of this Commonwealth have addressed the issue of whether extraordinary circumstances existed such that allowance of an appeal *nunc pro tunc* was appropriate on numerous occasions. *See Stock* (appeal *nunc pro tunc* was appropriate in criminal context where litigant requested attorney to file appeal; however, attorney failed to file timely appeal); *Cook v. Unemployment Compensation Board of Review,* 543 Pa. 381, 671 A.2d

1130 (1996) (appeal *nunc pro tunc* was appropriate where hospitalization of litigant during the running of the appeals period resulted in the non-negligent late filing of appeal); *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979) (appeal *nunc pro tunc* was appropriate to avoid a litigant's loss of her day in court where the failure of a litigant's attorney to file a timely appeal was non-negligent and the delay was minimal); *Walker v. Unemployment Compensation Board of Review,* 75 Pa.Cmwlth. 116, 461 A.2d 346 (1983) (appeal *nunc pro tunc* was appropriate where post office failed to forward referee's decision resulting in untimely filing of appeal). While the holdings in those cases expand the general rule for granting an appeal *nunc pro tunc,* implicit in each of those holdings is a finding that the litigant himself did not act in a negligent manner.

In this case, Licensee does not contend any incapacitation such that he could not have filed a timely appeal or any non-negligent action on the part of a third person such that made filing a timely appeal impossible. Instead, Licensee argues that he was unable to file a timely appeal from his license suspension solely because he was incarcerated and did not receive notice of the suspension until after he was released from prison, approximately 20 months after the appeal period had passed. In *Department of Transportation, Bureau of Driver Licensing v. Johnson,* 434 Pa.Super. 1, 641 A.2d 1170 (1994), the Superior Court noted that PennDot is required only to send a suspension notice to the licensee's address of record, and that pursuant to Section 1515 of the Vehicle Code, the

---

5. Although the trial court states in its opinion that Licensee's appeal on the four Section 113(a)(16) suspensions was denied, the record seems to indicate that Licensee only appealed the eight Section 113(a)(30) suspensions.

6. Where the trial court permits an untimely appeal to be filed *nunc pro tunc,* our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Lajevic v. Department of Transportation, Bureau of Driver Licensing,* 718 A.2d 371 (Pa. Cmwlth.1998).

licensee is required to notify PennDot of a new address within 15 days of a change of address. Because the burden was on Licensee to notify PennDot of any change in his registered address for service of process which he did not do, and he was not in any other way incapacitated from filing an appeal of his license suspension while serving out his sentence on the criminal charges, we cannot say that extraordinary circumstances existed such that an appeal *nunc pro tunc* was appropriate.

Because no extraordinary circumstances existed to cause Licensee's untimely filing of his appeal, the trial court erred in granting his appeal *nunc pro tunc*, and, therefore, it was without jurisdiction to hear the appeal. Accordingly, the decision of the trial court is reversed and the suspension of Licensee's operating privilege imposed by PennDot is reinstated.[7]

### *ORDER*

AND NOW, this *1st* day of *August*, 2002, the order of the Court of Common Pleas of Allegheny County, No. SA # 575 of 2000, dated September 20, 2001, is reversed.

---

**7.** While we conclude that Licensee was not entitled to an appeal *nunc pro tunc*, it is important to note this Court's recent decision in *Freundt v. Department of Transportation, Bureau of Driver Licensing*, 2002 WL 1749039, No. 2854 C.D. 2001 (2002), wherein we addressed PennDot's imposition of license suspensions pursuant to Section 1532(c) of the Vehicle Code. Discussing this Court's numerous decisions regarding PennDot's imposition of license suspensions pursuant to Section 1532(c) after a licensee was convicted of violations of the Act, we held that where PennDot failed to establish that a licensee's first offense was the result of separate and distinct acts, imposition of consecutive license suspensions was inappropriate.