# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.L., Jr.,                   :
           Petitioner       :
                  :
        v.                :
                  :   No. 2190 C.D. 2014
Department of Public Welfare,   :   Submitted: July 24, 2015
           Respondent     :   **(CASE SEALED)**

BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
             HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE PELLEGRINI           FILED: September 3, 2015

Petitioner, S.L., Jr., petitions *pro se* for review of the final order of the Secretary of the Department of Public Welfare (Department)[1] denying Petitioner's request for reconsideration of the order of the Department's Bureau of Hearings and Appeals (Bureau) dismissing Petitioner's administrative appeal as abandoned when he failed to appear and prosecute his case at a hearing before the administrative law judge (ALJ). Finding no error, we affirm.

---

[1] Subsequent to the filing of the instant appeal, the Department of Public Welfare changed its name to the Department of Human Services. *See* Act of June 13, 1967, P.L. 31, *amended by* Act of September 24, 2014, P.L. 2458, 62 P.S. §103 (effective November 24, 2014).

## I.

In 2010, the Monroe County Office of Children and Youth Services commenced an investigation regarding Petitioner's alleged sexual abuse of his step-daughter, a child. Pursuant to the Child Protective Services Law (Law),[2] an indicated report[3] was filed, naming Petitioner as a perpetrator of sexual abuse. The Department's Office of Children, Youth and Families (CYF) notified Petitioner that he was listed on the statewide central register of child abuse as a perpetrator in an indicated report of child abuse and that he could appeal the decision. In March 2011, Petitioner filed a timely request for review or hearing,[4] seeking expungement of the report of child abuse, which CYF denied in a letter dated June 6, 2011. The letter further advised Petitioner that he could request a hearing before the Department's Secretary or the Bureau within 45 days. Again, Petitioner timely requested a hearing on June 30, 2011.[5]

On August 4, 2011, the Bureau directed to Petitioner's address of record notice that the hearing had been scheduled for September 7, 2011, before an ALJ.[6] At the hearing, the ALJ noted that although notice was mailed to Petitioner

---

[2] 23 Pa. C.S. §§6301–6386.

[3] Section 6303 of the Law defines an "indicated report" as a report of child abuse which, when investigated by the child protective service, is supported by substantial evidence based on any of the following: "(1) Available medical evidence"; "(2) The child protective service investigation"; or "(3) An admission of the acts of abuse by the perpetrator." 23 Pa. C.S. §6303.

[4] Petitioner listed his address as a P.O. Box in Pocono Summit, Pennsylvania.

[5] Petitioner used the same return mailing address as previously provided.

[6] The certified record does not contain the notice, but Petitioner does not challenge that it was sent to his previous address.

at his last known address of record and was not returned as undeliverable, Petitioner failed to appear and asserted no good cause for this failure.[7] Because Petitioner did not pursue his appeal with reasonable diligence and without delay in violation of 1 Pa. Code §§35.102(b)[8] and 35.126(a),[9] and no good cause existed for his absence, the ALJ recommended that his appeal be dismissed. In an order dated September 16, 2011, the Bureau adopted the ALJ's recommendation in its entirety and advised Petitioner, "Either party to this proceeding has fifteen (15) calendar

---

[7] In this regard, the ALJ stated, "I would point out that this hearing was scheduled for 9:15 a.m., today, September 7th, 2011. Notice was sent to the appellant on August 4, 2011 to the address of PO Box 2390 Pocono Summit, Pennsylvania 18346." (Certified Record [C.R.], 9/7/11 Hearing Transcript, at 3–4.) Counsel for the County confirmed that this was the most current address that she had for Petitioner.

[8] Regulation 35.102(b) states:

> In the absence of cause requiring otherwise, and as time, the nature of the proceedings, and the proper execution of the functions of the agency permit, matters required to be determined upon the record after hearing or opportunity for hearing will be placed upon the hearing calendar. Proceedings pending upon this calendar will in their order of assignment, so far as practicable, be heard at the times and places fixed by the agency head or presiding officer, giving due regard to the convenience and necessity of the parties or their attorneys. The agency, in its discretion with or without motion, for cause may at any time with due notice to the participants advance or postpone any proceeding on the hearing calendar.

1 Pa. Code §35.102(b).

[9] Regulation 35.126(a) provides, "Parties and staff counsel shall have the right of presentation of evidence, cross-examination, objection, motion and argument. The taking of evidence and subsequent proceedings shall proceed with reasonable diligence and with the least practicable delay." 1 Pa. Code §35.126(a).

3

days from the date of this decision to request reconsideration by the Secretary of the Department." (C.R., 9/16/11 Bureau Order.)

No action was taken until August 27, 2014, when Petitioner filed an application for reconsideration of the Bureau's decision, claiming that he had not received notice of the hearing before the ALJ because he had been incarcerated on an unrelated charge at the time notice was sent. In support of his contention, he attached a Department of Corrections' sentence status summary showing a reception date of May 4, 2011, and a controlling minimum release date of June 20, 2013. At this time, Petitioner also provided an updated return mailing address. Because the 30-day period for action by the Secretary expired, the Department issued a final order dated October 6, 2014, denying Petitioner's application and advising Petitioner that he may appeal to this Court within 30 days from the date of the order.[10] This appeal followed.[11]

## II.

On appeal, Petitioner contends that the Bureau violated his due process rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution, as well as Article I, Section 9 of the Pennsylvania Constitution when it held the subject hearing without providing him the requisite notice.

---

[10] *See* 1 Pa. Code §35.241(d).

[11] This Court must affirm the Bureau's adjudication unless we find that it is in violation of the constitutional rights of the appellant, that it is not in accordance with the law, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. *York County Children & Youth Services v. Department of Public Welfare*, 668 A.2d 185, 187 n.1 (Pa. Cmwlth. 1995); *see also* Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

As a preliminary matter, the only issue before us is whether the Department's Secretary abused her discretion when she denied Petitioner's request for reconsideration. We may not review the Bureau's September 16, 2011 order adopting the ALJ's findings because Petitioner did not appeal from that order. *See Keith v. Department of Public Welfare*, 551 A.2d 333, 335 (Pa. Cmwlth. 1988). To demonstrate an abuse of discretion, Petitioner must show evidence of bad faith, fraud, capricious action or an abuse of power. *Id.* at 336.[12]

## A.

The General Rules of Administrative Practice and Procedure (GRAPP)[13] govern the practice and procedure before agencies of the Commonwealth, including hearings before the Bureau. *See* 1 Pa. Code §31.1(a); *KC Equities v. Department of Public Welfare*, 95 A.3d 918, 932–33 (Pa. Cmwlth. 2014), *appeal denied*, 106 A.3d 727 (Pa. 2015). "GRAPP procedures sufficiently provide notice, and… they comport with the general principles of due process." *KC Equities*, 95 A.3d at 933. Pursuant to GRAPP, "an application for rehearing or reconsideration may be filed by a party to a proceeding within 15 days, or another period as may be expressly provided by statute applicable to the proceeding, after the issuance of an adjudication or other final order by the agency." 1 Pa. Code §35.241(a). Because the final order for which Petitioner sought reconsideration

---

[12] Generally, where an unfavorable agency decision is rendered and a litigant seeks reconsideration, he would be well-advised to simultaneously appeal the order to this Court. *See Keith*, 551 A.2d at 337 n.8. Here, however, it would have made little difference if Petitioner had simultaneously filed an application for reconsideration and an appeal because the appeal still would have been untimely under the 30-day period prescribed by Pennsylvania Rule of Appellate Procedure 1512(a)(1).

[13] 1 Pa. Code §§31.1–35.251.

was dated September 16, 2011, but he did not seek reconsideration until August 27, 2014, nearly three years later, his request clearly fell outside the 15-day period prescribed by 1 Pa. Code §35.241(a).

As we explained in *Mayer v. Unemployment Compensation Board of Review*, 1 Pa. Code §35.241(a)'s 15-day time limit for seeking reconsideration "is mandatory" because "validly promulgated regulations have the same force as statutory provisions," and, therefore, "the time limit expressed in Regulation 35.241 should be given the same effect as mandatory time provisions appearing in the statute, as both serve the useful function of providing for finality in the administrative process."  366 A.2d 605, 607 (Pa. Cmwlth. 1976).  Where the period for seeking reconsideration under 1 Pa. Code §35.241(a) has been exceeded, an appeal in this Court "must fall as untimely," even though the appeal from the denial of reconsideration was timely filed itself.  *Id.*

**B.**

To the extent Petitioner argues that he is entitled to appeal *nunc pro tunc*, "[a]s a general rule, an appeal *nunc pro tunc* will be granted in civil cases only where the appeal was untimely filed due to fraud or a breakdown in the court's operations."  *Puckett v. Department of Transportation, Bureau of Driver Licensing*, 804 A.2d 140, 143 (Pa. Cmwlth. 2002).  Although this standard may be relaxed where a litigant's right to appeal has been lost due to "extraordinary circumstances," such circumstances will be found only where "the litigant himself did not act in a negligent manner."  *Id.*  Indeed, "[t]he exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she

6

attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001). To establish entitlement to *nunc pro tunc* relief, one must demonstrate that: (1) the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness; (2) the elapsed time period is of very short duration; and (3) the appellee will not be prejudiced by the delay. *Id.* at 1159.

In *Puckett*, we addressed a litigant's contention that his *nunc pro tunc* appeal from the suspension of his operating privileges should be entertained where he was incarcerated when notice of the suspension was directed to his last known address and, therefore, he did not learn of the suspension until he was released 20 months after the appeal period expired. 804 A.2d at 143. In rejecting this argument, we noted that the only impediment the litigant faced in filing an appeal was created by his own negligence in failing to advise the Bureau of Driver Licensing of his change in address. *Id.* at 143–44; *see also McKeown v. Department of Transportation*, 601 A.2d 486, 488 (Pa. Cmwlth. 1991) ("The record is devoid of any evidence that McKeown made any arrangements to have his mail forwarded to him while he was incarcerated. Accordingly, the trial court erred by finding that McKeown's appeal was timely and by denying the Department's motion to quash.").

Similarly, here, Petitioner has not established that he sought relief a short time after learning of the Bureau's order dismissing his appeal as abandoned. His application was filed nearly three years after the subject order. Even if he was released on June 20, 2013, as he contends, he still did not seek reconsideration for well over a year. Further, Petitioner has not explained how he received notice of

7

CYF's denial dated June 6, 2011, which he timely appealed on June 30, 2011, when he was allegedly incarcerated, but was unable to appeal the Bureau's September 2011 order also issued during his incarceration. Each of these orders was directed to the same address, which Petitioner provided prior to and during his incarceration. In this case, Petitioner's delay in seeking reconsideration is attributable to his failure to advise the Department of his change of address or to forward his mail. It is not due to a breakdown in the judicial system's operations and, therefore, the Department did not abuse its discretion in finding that Petitioner was not entitled to *nunc pro tunc* relief.

Accordingly, having found no evidence that the Secretary in any way acted with bad faith, fraud, capriciousness or abuse of power in denying Petitioner's application for reconsideration, we affirm the Department's order dismissing Petitioner's appeal as abandoned.

DAN PELLEGRINI, President Judge

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.L., Jr.,         :
     Petitioner   :
            :
    v.       :
            :
Department of Public Welfare, :  No. 2190 C.D. 2014
     Respondent :  **(CASE SEALED)**

# **O R D E R**

AND NOW, this 3rd day of <u>September</u>, 2015, the order of the Secretary of the Department of Public Welfare dated October 6, 2014, in the above-captioned case is affirmed.

          _____
          DAN PELLEGRINI, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

S.L., Jr.,                          :
                Petitioner          :
                                    :
        v.                          :  No. 2190 C.D. 2014
                                    :  Submitted: July 24, 2015
Department of Public Welfare,       :  **CASE SEALED**
                Respondent          :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

CONCURRING OPINION
BY JUDGE LEAVITT                              FILED: September 3, 2015


        I concur in the majority's decision to affirm the order of the Secretary
of Public Welfare that dismissed S.L., Jr.'s (Petitioner) administrative appeal as
abandoned because he did not pursue his appeal with reasonable diligence.
However, I write separately to note that I believe the Secretary can review the
present case under his authority granted by Section 6341(a)(1)(i) of the Child
Protective Services Law, 23 Pa. C.S. §6341(a)(1)(i).

        In his appeal, Petitioner alleges that he and the victim's mother were
going through an "uncomfortable" divorce, and that the victim was upset.
Petitioner's Brief at 7.   According to Petitioner's brief, the victim is both
schizophrenic and bipolar.    Additionally, the victim has repeatedly been in
psychiatric care, and allegedly told a psychiatric worker that she would accuse
Petitioner of rape if he did not leave her alone.   Petitioner also alleges that the
victim recanted her story of sexual abuse in a letter to her mother and therapist,

admitting that no abuse had taken place. Petitioner claims to have contacted Children and Youth Services several times, along with the victim's mother, but Children and Youth Services has not taken action.

Section 6341(a)(1)(i) of the Child Protective Services Law states:

> (1)  *At any time*, the secretary may amend or expunge any record in the Statewide database under this chapter *upon good cause shown* and notice to the appropriate subjects of the report. The request shall be in writing in a manner prescribed by the department. For purposes of this paragraph, good cause shall include, but is not limited to, the following:
>
> > (i)  *Newly discovered evidence that an indicated report of child abuse is inaccurate* or is being maintained in a manner inconsistent with this chapter.

23 Pa. C.S. §6341(a)(1)(i) (emphasis added). Petitioner claims in his brief that new evidence challenges the accuracy of the indicated report.

The Secretary can, and should, exercise his authority under Section 6341(a)(1)(i) and hold a hearing to determine whether the victim has in fact recanted her story. Newly discovered evidence can be presented at such a hearing and given consideration.

_____
MARY HANNAH LEAVITT, Judge