Jeffrey Klotz, : 
        Appellant : 
  : 
  : 
       v. : 
  : 
Moon Township Board of :   No. 2263 C.D. 2014
Supervisors : 
  : 
Jeffrey Klotz : 
  : 
       v. : 
  : 
Moon Township Board of : 
Supervisors, :   No. 2322 C.D. 2014
        Appellant :   Submitted September 11, 2015


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
             HONORABLE MARY HANNAH LEAVITT, Judge
             HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: December 30, 2015


        Moon Township (Township) Police Officer Jeffrey Klotz (Klotz) appeals from the Allegheny County Common Pleas Court's (trial court) October 2, 2014 order dismissing Klotz's appeal and affirming the Township Board of Supervisor's (Board) decision. The Board cross-appeals from the trial court's December 9, 2014 order granting Klotz leave to file a *nunc pro tunc* appeal. Klotz presents three issues for this Court's review: (1) whether the trial court erred in considering a hearsay statement; (2) whether the trial court erred in concluding that substantial evidence supported Klotz's misconduct; and (3) whether the trial court erred in concluding that the conduct witnessed by Township Police Sergeant Jeffrey

Smith supported Klotz's employment termination. The Board's sole issue before the Court is whether this Court has jurisdiction over Klotz's untimely-filed appeal.

On July 8, 2013, Klotz was charged with simple assault for an incident that allegedly occurred on July 7, 2013. On July 11, 2013, Klotz appeared before Township Police Chief Leo McCarthy and Township Police Captain Greg Seaman for a *Loudermill* hearing.[1] By July 29, 2013 letter, Township Manager Jeanne Creese notified Klotz that he had been removed from his Township police officer position. Thereafter, Klotz requested a hearing under the Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §§ 811-816, commonly known as the Police Tenure Act (Tenure Act). A Tenure Act hearing was held on September 30, 2013 before the Board. On November 20, 2013, the Board terminated Klotz's employment. Klotz appealed from the Board's decision to the trial court. By October 2, 2014 order, docketed on October 6, 2014, the trial court dismissed Klotz's appeal, thereby affirming the Board's decision.[2]

On November 12, 2014, Klotz filed a motion for leave to file a *nunc pro tunc* appeal (*Nunc Pro Tunc* Motion) with the trial court.[3] On December 9, 2014, the trial court granted Klotz's motion. Also on December 9, 2014, Klotz appealed from the trial court's October 2, 2014 order to this Court.[4] On December 12, 2014, the

---

[1] In *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), the United States Supreme Court held that since a public employee has a property interest in his employment, under the United States Constitution's Due Process Clause, he must be afforded at least notice and a hearing before that employment is terminated.

[2] Thus, if Klotz wished to appeal from the trial court's decision he was required to do so no later than November 5, 2014. *See* Pa.R.A.P. 903(a); *see also* Pa.R.A.P 301(a)(1).

[3] "[A] petition to appeal *nunc pro tunc* may be directed to either the lower court or the appellate court." *Weiman v. Trahey,* 564 A.2d 557, 559 (Pa. Cmwlth. 1989).

[4] "Where, as here, the trial court takes no additional evidence, our scope of review is limited to determining whether the Board committed an abuse of discretion or an error of law." *Piper Grp., Inc. v. Bedminster Twp. Bd. of Supervisors,* 992 A.2d 224, 230 n.6 (Pa. Cmwlth. 2010).

Board appealed from the trial court's December 9, 2014 order to this Court.[5] On December 24, 2014, the Board filed a Motion to Quash Klotz's appeal with this Court. By February 2, 2015 order (Order), this Court denied the Board's Motion to Quash and directed the Board to "raise the propriety of the trial court's grant of *nunc pro tunc* relief in the brief in support of its cross-appeal." Order at 1 (italics added). The Order further consolidated the cross-appeals. As the impropriety of the *nunc pro tunc* appeal would obviate the need to address the merits of Klotz's appeal, we first address the Board's issue, i.e., whether this Court has jurisdiction over Klotz's untimely-filed appeal.

> As a general rule, an appeal *nunc pro tunc* will be granted in civil cases only where the appeal was untimely filed due to fraud or a breakdown in the court's operations. However, that standard has been relaxed where a litigant's right to appeal has been lost due to 'extraordinary circumstances.' Each case, however, is limited to the unique and compelling factual circumstances of that particular case.
>
> The courts of this Commonwealth have addressed the issue of whether extraordinary circumstances existed such that allowance of an appeal *nunc pro tunc* was appropriate on numerous occasions. *See* [*Commonwealth v.*] *Stock*[, 679 A.2d 760 (Pa. 1996)] (**appeal *nunc pro tunc* was appropriate in criminal context** where litigant requested attorney to file appeal; however, attorney failed to file timely appeal); *Cook v. Unemployment* [*Comp.*] [*Bd.*] *of Review, . . .* 671 A.2d 1130 ([Pa.] 1996) (**appeal *nunc pro tunc* was appropriate where hospitalization of litigant during the running of the appeals period resulted in the non-negligent late filing of appeal**); *Bass v. Commonwealth, . . .* 401 A.2d 1133 ([Pa.] 1979) (**appeal *nunc pro tunc* was appropriate** to avoid a litigant's loss of

---

[5] "Where the trial court permits an untimely appeal to be filed *nunc pro tunc,* our review is limited to determining whether the trial court abused its discretion or committed an error of law." *Puckett v. Dep't of Transp., Bureau of Driver Licensing,* 804 A.2d 140, 143 n.6 (Pa. Cmwlth. 2002).

3

her day in court **where the failure of a litigant's attorney to file a timely appeal was non-negligent** and the delay was minimal); *Walker v. Unemployment* [*Comp.*] [*Bd.*] *of Review, . . .* 461 A.2d 346 ([Pa. Cmwlth.] 1983) (**appeal *nunc pro tunc* was appropriate where post office failed to forward referee's decision** resulting in untimely filing of appeal). While the holdings in those cases expand the general rule for granting an appeal *nunc pro tunc,* implicit in each of those holdings is a finding that **the litigant himself [or his attorney] did not act in a negligent manner**.

*Puckett v. Dep't of Transp., Bureau of Driver Licensing,* 804 A.2d 140, 143 (Pa. Cmwlth. 2002) (some citations omitted; emphasis added).

Here, the trial court dismissed Klotz's appeal by October 2, 2014 order which was docketed on October 6, 2014. By letter dated October 6, 2014, the trial court sent a copy of the October 2, 2014 order to Klotz's legal counsel (Counsel) which Counsel received on October 7, 2014. Counsel maintains he is a sole practitioner who, four days after the date of the trial court's order and one day before receiving notice of the order, began an all-consuming federal criminal trial that lasted close to two weeks. *See* Klotz Br. in Opposition to Motion to Quash. Counsel acknowledges that he made a mistake and used the date of the letter (four days after the date of the order) as the date from which he noted his appeal deadline on his calendar. When Counsel prepared the Notice of Appeal for filing, he realized he was a day or two late and consequently filed his *nunc pro tunc* motion. *Id.*

Although Counsel contends that his notice of appeal was late because he used the date of the letter, as opposed to the date of the order, to determine his deadline to file Klotz's appeal, that assertion adds no weight to his argument. The order, although dated October 2, 2014, was not docketed until October 6, 2014, the date of the letter. "[T]he notice of appeal . . . shall be filed within 30 days after the **entry of the order** from which the appeal is taken." Pa.R.A.P. 903(a) (emphasis added). Thus, if Counsel used the date of the letter to determine his deadline, he

4

would have used the correct date, November 5, 2014, as his deadline. Further, Counsel never filed a notice of appeal, but rather, filed his *Nunc Pro Tunc* Motion on November 12, 2014.

The trial court incorrectly stated that the appeal deadline was "November 3, 2014," and that Klotz' notice of appeal was filed on "November 9, 2014." Trial Ct. Op. at 12. Moreover, the trial court improperly opined:

> The reason for said delay, as expressed by [C]ounsel in his [*Nunc Pro Tunc* Motion] for Leave, admittedly sounds in negligence. As correctly stated by the Township, the negligence of an attorney to file an appeal timely is not justification for additional time to file, rather only 'unforeseeable and unavoidable events" may be cited to for such delay ([*s*]*ee, Criss v. Rice*, 781 A.2d 1156, 1160 (Pa. 2001)). Nor, did this writer find a 'fraud or some breakdown in the court's operation' warranting special relief ([*s*]*ee, Nixon v. Nixon*, 198 A.2d 154 (Pa. 1938)).
>
> At the time of said ruling, this writer was confident that the Township would prevail on the merits. This [c]ourt further believes that judicial economy is best served by allowing an appeal on the merits, otherwise an additional lawsuit for legal malpractice will likely follow. This [c]ourt prefers issues as serious as a man's career and livelihood to be resolved on the merits. For those reasons this writer chose to grant Klotz the right to file an appeal *Nunc Pro Tunc*.

*Id.* (italics added). While the trial court acknowledged the law, it clearly did not follow it. The trial court's reasoning shows the incongruence of the well-established rule of law and the trial court's decision. Accordingly, the trial court improvidently granted the *Nunc Pro Tunc* Motion.

Klotz does not contend any incapacitation such that he could not have filed a timely appeal or any non-negligent action on the part of a third person, i.e., his attorney, such that made filing a timely appeal impossible. Instead, Klotz argues that his appeal from the trial court's order was untimely due to his attorney's workload.

5

Because Counsel inadvertently wrote down the wrong date for filing and was in the middle of trying a federal case, he negligently failed to timely file Klotz's appeal. While we sympathize with both Klotz and his attorney,[6] because Klotz and/or his attorney were not in any way incapacitated from filing an appeal from the trial court's order, we cannot say that extraordinary circumstances existed such that an appeal *nunc pro tunc* was appropriate.

"Because no extraordinary circumstances existed to cause [Klotz's] untimely filing of his appeal, the trial court erred in granting his appeal *nunc pro tunc,* and, therefore, [this Court] is without jurisdiction to hear the appeal." *Puckett*, 804 A.2d at 144. Accordingly, the trial court's order granting Klotz's *nunc pro tunc* appeal is reversed, and Klotz's appeal is dismissed.[7]

_____
ANNE E. COVEY, Judge

---

[6] Counsel "points out that he is 67 years old, has practiced law for 43 years, and during that period, has always had a 'busy caseload' and never missed a filing deadline." Klotz Br. in Opposition to Motion to Quash at 2.

[7] Notwithstanding, if the appeal was timely filed, we would affirm the trial court's order.

Jeffrey Klotz,                :
           Appellant      :
                        :
        v.               :
                        :
Moon Township Board of     :    No. 2263 C.D. 2014
Supervisors              :
                        :
Jeffrey Klotz               :
                        :
        v.               :
                        :
Moon Township Board of     :
Supervisors,            :    No. 2322 C.D. 2014
           Appellant      :

## O R D E R

AND NOW, this 30th day of December, 2015, the Allegheny County Common Pleas Court's (trial court) December 9, 2014 order is reversed and Jeffrey Klotz's appeal from the trial court's October 2, 2014 order is dismissed.

_____
ANNE E. COVEY, Judge