J-S32004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LYNETTE SHADDING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LIBERTY MUTUAL | : | No. 3151 EDA 2018 |

Appeal from the Order Entered October 10, 2018
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2015-004157

BEFORE:  SHOGAN, J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 18, 2019**

Appellant, Lynette Shadding ("Shadding"), appeals from an order entered on October 10, 2018, denying her motion to reinstate her direct appeal rights[1] from a final order entered on October 24, 2016, in favor of Appellee, Liberty Mutual.  We affirm.

The relevant facts and procedural history of this matter were set forth by the trial court as follows:

> A review of the record in this matter establishes that [Shadding] initiated the action by filing a Complaint on May 8, 2015. [Shadding's] claims are in the nature of breach of contract and for bad faith in the handling of a property loss insurance claim. Following the filing of Preliminary Objections on June 9, 2015, [Shadding] filed an Amended Complaint on June 26, 2015. Preliminary Objections were filed to the Amended Complaint and on July 22, 2015, [Shadding] filed a Second Amended Complaint.

---

[1] Contrary to Shadding's Statement of Jurisdiction, Shadding's Brief at 1, this is not a criminal matter.

Preliminary Objections were filed to the Second Amended Complaint, and by Order dated November 10, 2015, the [c]ourt overruled the Objections.

The case ultimately was heard by a panel of Arbitrators and on July 7, 2016, an Award was entered in favor of [Liberty Mutual] and against [Shadding] on all Counts. On August 5, 2016, [Shadding] filed an Appeal from the Award of Arbitrators.

On September 8, 2016, Counsel for [Shadding] filed a Petition for Leave to Withdraw as counsel. Following a hearing on the Petition, the [c]ourt, by Order dated September 21, 2016, granted the Petition and directed that [Shadding] either retain new counsel to represent her in the matter or file a notice with the Office of Judicial Support indicating her intention to proceed in the case *pro se*.

After the passage of more than thirty days, the [c]ourt confirmed with the Office of Judicial Support that no entry of appearance or *pro se* filing had been made,[2] and by Order dated October 24, 2016, the [c]ourt dismissed [Shadding's] Complaint with prejudice.[3] Nothing further was filed in the case until July 3, 2018, over twenty (20) months later, when [Shadding] filed a "*Nunc Pro Tunc* Post Verdict Motion to Vacate Order Dismissing [Shadding's] Complaint with Prejudice." Following the filing of [Liberty Mutual's] Answer to the Motion, the [c]ourt, by Order dated July 30, 2018 denied [Shadding's] Motion. Once again, nothing was heard from [Shadding] by way of filing or otherwise, until September 14, 2018 when [Shadding] filed a "*Nunc Pro Tunc* Motion to Reinstate Right to Direct Appeal." Following [Liberty

---

2 Counsel for Shadding notes in the Statement of the Case that he did enter his appearance in this matter on October 20, 2016. Shadding's Brief at 5. This entry of appearance, which was apparently not communicated to the trial court prior to the entry of the October 24, 2016 order, is noted on the docket. Entry of Appearance, 10/20/16. However, counsel fails to provide any rationale or argument relative to his subsequent twenty-month inaction. Moreover, the fact that counsel entered his appearance is never mentioned again in the brief.

3 Shadding had thirty days from October 24, 2016, in which to file a timely appeal from the dismissal of her complaint. ***Boden v. Tompkins***, 452 A.2d 833, 834 (Pa. Super. 1982) (citing Pa.R.A.P. 903(a)).

Mutual's] Response to the Motion, the [c]ourt by Order dated October 10, 2018[,] denied [Shadding's] Motion. It is from this Order that [Shadding] now has filed a notice of appeal to the Superior Court of Pennsylvania.

Trial Court Opinion, 12/5/18, at 1-2. Both the trial court and Shadding complied with Pa.R.A.P. 1925.

On appeal, Shadding presents the following issue for this Court's consideration:

> Whether the lower court abused its discretion in denying [Shadding's] nunc pro tunc post verdict motion to reinstate [her] right to file a direct appeal, where [Shadding's] delay in filing the appeal was caused by the non-negligent conduct of her attorney, who changed office addresses and as a result did not receive the court's order of July 30, 2018, denying [Shadding's] motion for post verdict relief, and the untimeliness of the filing of [Shadding's] appeal in no way prejudices [Liberty Mutual's] right to a fair trial?

Shadding's Brief at 4.

Our standard of review is as follows:

> The denial of an appeal *nunc pro tunc* is within the discretion of the trial court, and we will only reverse for an abuse of that discretion. In addition to the occurrence of fraud or breakdown in the court's operations, *nunc pro tunc* relief may also be granted where the appellant demonstrates that (1) his notice of appeal was filed late as a result of nonnegligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) he filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

***Vietri ex rel. Vietri v. Delaware Valley High School***, 63 A.3d 1281, 1284 (Pa. Super. 2013) (internal citations and quotation marks omitted). As alluded to in the recitation of our standard of review, the purpose of restoring appellate rights *nunc pro tunc* is as follows:

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances. Generally, in civil cases an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.

*Id.* (citation omitted). After review, we conclude that there were no extraordinary circumstances or breakdown in the operation of the court, the untimely appeal was not filed shortly after the expiration of the appeal period, and Liberty Mutual would be prejudiced by the reinstatement of Shadding's appellate rights.

The trial court addressed Shadding's issue as follows:

> In her Concise Statement of Matters Complained of on Appeal, [Shadding] contends that the [c]ourt abused its discretion in denying her *Nunc Pro Tunc* motions to reinstate her right to direct appeal and her post verdict motion to vacate the [c]ourt's Order dismissing her Complaint.
>
> As a general rule, an appeal *Nunc Pro Tunc* will be granted in a civil case only where the appeal was untimely filed due to fraud or a breakdown in the [c]ourt's operations. Puckett v. Commonwealth of Pennsylvania, Department of Transportation, 804 A.2d 140, 143 (Pa. Cmwlth., 2002). However, that standard has been relaxed where a litigant's right to appeal has been lost due to extraordinary circumstances. Id. Additionally, a litigant seeking permission to file a *Nunc Pro Tunc* appeal must proceed with reasonable diligence once she knows of the necessity to take action. Indeed, an application must be filed within a reasonable time after the occurrence of the asserted extraordinary circumstances. City of Philadelphia v. Tirrill, 906 A.2d 663, 667 (Pa. Cmwlth., 2006) appeal denied 916 A.2d 1103 (Pa. 2006).
>
> In the instant case, [Shadding's] *Nunc Pro Tunc* post Verdict Motion to Vacate [the] Order Dismissing [Shadding's] Complaint

was filed on July 3, 2018, over twenty (20) months after the Order which [Shadding] sought to be vacated was entered. This Motion did not seek *Nunc Pro Tunc* relief to file an appeal from this final appealable Order, but rather was in the nature of a motion for reconsideration seeking to have the Order vacated. The Motion was untimely and beyond the time when the [c]ourt had authority to act upon the Order. 42 Pa. C.S.A. §5505. Furthermore, [Shadding] offered no reason for the delay in filing the motion, instead merely making the unexplained averment that "neither [Shadding] or the undersigned Counsel were notified of Judge Burr's Order...." This unsupported averment was contradicted by the record which shows that copies of the Order were sent to the Parties by the Office of Judicial Support. In view of the foregoing facts, and [Liberty Mutual's] representation that it had been prejudiced by the delay in filing due to having purged its files of relevant information regarding the case, the [c]ourt by Order dated July 30, 2018 denied [Shadding's] *Nunc Pro Tunc* Motion to Vacate. Notice of the entry of this Order was sent to the Parties on the same date as its entry.

No further action was taken by [Shadding] until September 14, 2018 when she filed her second *Nunc Pro Tunc* Motion this time to "Reinstate Right to Direct Appeal." In support of this Motion, [Shadding's] counsel asserted that [Shadding's] delay in filing an appeal was caused by the [c]ourt's Order having been sent to his old office address at 234 Peach Street, Philadelphia, PA 19139. He averred that his new office address is 2726 Lehman Street, Chester, PA 19013 and that the Notice of the entry of the [c]ourt's July 30, 2018 Order was not forwarded to his new address despite a forwarding Order being in place with the Post Office. Significantly, [Shadding's] Counsel did not assert that he ever had advised the Office of Judicial Support of his new address.

Failure to receive notice of the [c]ourt's disposition of a matter, without more, is insufficient grounds for *Nunc Pro Tunc* relief. Rothstein v. Polysciences, Inc., 853 A.2d 1072, 1075-76 (Pa. Super. 2004). The failure of [Shadding's counsel] to keep the [c]ourt's filing Office advised of his current office address constituted a lack of due diligence which along with the delay of over twenty months in taking any action whatsoever in regard to the [c]ourt's underlying Order of October 24, 2016, which dismissed [Shadding's] Complaint, foreclosed *Nunc Pro Tunc* relief being granted to [Shadding]. A trial [c]ourt does not abuse its

discretion in denying an appeal *Nunc Pro Tunc* which has not been filed within a reasonable time, regardless of whether or not a breakdown in the [c]ourt's operation has occurred.  Id.

It is for all of the foregoing reasons that the [c]ourt denied both [Shadding's] *Nunc Pro Tunc* Post[-Verdict] Motion to Vacate its Order 2016, her *Nunc Pro Tunc* Motion to Reinstate her Right to File a Direct Appeal. It is respectively submitted that the [c]ourt's action in this regard did not constitute an abuse of discretion and was supported fully by the record in the case as well as the applicable legal authority, and should not be disturbed on appeal.

Trial Court Opinion, 12/5/18, at 2-4.  We agree with the trial court's conclusion.

As noted above, Shadding failed to file a timely appeal from the 2016 order.  Almost two years later, Shadding filed an untimely post-verdict motion. *See* Pa.R.C.P. 227.1(c)(1) (post verdict motions must be filed within ten days of the entry of the verdict).  The trial court denied Shadding's untimely motion. Despite the expiration of the thirty-day period in which to file an appeal, Pa.R.A.P. 903(a), Shadding filed a motion to have her direct appeal rights reinstated *nunc pro tunc*.  The trial court denied Shadding's untimely request, and Shadding filed the instant appeal.  Inexplicably, Shadding's appellate brief was untimely.  This Court set the briefing schedule on December 6, 2018, and we ordered Shadding to file her appellate brief on or before January 15, 2019. Order, 12/6/18.  Shadding failed to meet this deadline.  On February 8, 2019, Shadding made an untimely request for an extension of time in which to file her brief.   This Court granted Shadding's motion and ordered that her appellate brief was due on or before March 15, 2019.  Order, 2/11/19.  Despite

receiving an extension of time, Shadding again failed to comply with this Court's order. Shadding's untimely appellate brief was not filed until April 2, 2019.[4]

After review, we discern no abuse of discretion in the trial court's denial of Shadding's motion to reinstate her direct appeal rights. Shadding's filings have been untimely in nearly every facet of this matter. As noted above, there were no extraordinary circumstances or breakdown in the operation of the court, Shadding did not file the untimely appeal until nearly two years after the expiration of the appeal period, and Liberty Mutual would be prejudiced by the reinstatement of Shadding's appellate rights. If Shadding had pursued resolution of this matter with reasonable diligence, she could have easily learned of and responded to the trial court's filings and dispositions; however, we discern no diligence in Shadding's management of this case. Accordingly, we affirm the October 10, 2018 order.

Order affirmed.

---

[4] We note that we may dismiss an appeal due to the failure to file a timely brief. Pa.R.A.P. 2188. Although Liberty Mutual mentions Shadding's failure to file a timely brief, Liberty Mutual's Brief at 10, it did not file a formal motion to dismiss.

- 7 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/19