IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paula Lashley          :
                       :
         v.            :    No. 649 C.D. 2018
                       :    Submitted: August 2, 2019
Commonwealth of Pennsylvania,   :
Department of Transportation,   :
Bureau of Driver Licensing,     :
              Appellant         :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ROBERT SIMPSON, Judge[1]
          HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                    FILED: October 23, 2019

        The Department of Transportation, Bureau of Driver Licensing
(PennDOT) appeals an order of the Court of Common Pleas of Allegheny County
(trial court) that sustained Paula Lashley's (Licensee) statutory appeal of a one-year
suspension of her operating privilege. PennDOT imposed the suspension pursuant
to Section 1547 of the Vehicle Code, 75 Pa. C.S. §1547, as a result of Licensee's
reported refusal to submit to chemical testing after being suspected of driving under
the influence. Concluding that there was no basis for allowing a *nunc pro tunc*
appeal, we reverse.

        On August 8, 2017, PennDOT notified Licensee that her operating
privileges would be suspended for one year in accordance with Section 1547 of the
Vehicle Code, 75 Pa. C.S. §1547,[2] as a result of her refusal to submit to chemical

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] Section 1547 provides, in part:

testing after being suspected of driving under the influence. The notice explained: "Your driving privilege is SUSPENDED for a period of 1 YEAR(S) effective 09/12/2017 at 12:01 a.m." Reproduced Record at 3a (R.R.__). Under the heading "Appeal," the notice further provided: "You have the right to appeal this action to the Court of Common Pleas (Civil Division) within 30 days of the mail date, AUGUST 08, 2017, of this letter." R.R. 5a. Licensee did not appeal the suspension until September 11, 2017. Licensee petitioned the trial court to file an appeal *nunc pro tunc*, writing that she "misunderstood" and "thought [she] had 30 days [until] suspension." R.R. 6a.

The trial court held a hearing on September 21, 2017, at which time Licensee acknowledged that she read the notice but understood it to mean she had to appeal within 30 days from the effective date of the suspension. She explained:

---

(a) General rule.--Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of section 1543(b)(1.1) (relating to driving while operating privilege is suspended or revoked), 3802 (relating to driving under influence of alcohol or controlled substance) or 3808(a)(2) (relating to illegally operating a motor vehicle not equipped with ignition interlock).

(b) Civil penalties for refusal.--

　　(1) If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person as follows:

　　　　(i) Except as set forth in subparagraph (ii), for a period of 12 months.

75 Pa. C.S. §1547(a), (b)(1)(i).

> I thought I had 30 days until the date of the suspension. So it was scheduled for September 12[th].
>
> * * *
>
> And I made it here on the 11[th]. When I got here they said, no, you had to do it by the 8[th]. I misunderstood. I'm sorry, sir.

R.R. 23a.

After the hearing, the trial court issued an order allowing Licensee's petition to proceed *nunc pro tunc*. On April 19, 2018, the trial court held a hearing on the merits of Licensee's appeal. PennDOT informed the Court that it was not ready to proceed because the arresting officer was not present. The trial court entered an order sustaining Licensee's appeal. Thereafter, PennDOT filed a notice of appeal.

In its Pa. R.A.P. 1925(a) opinion, the trial court explained that it credited Licensee's testimony that she misunderstood the notice of suspension. The trial court observed that the notice was "easy to misunderstand" because, while it did state a right to appeal within 30 days of the mail date, August 8, 2017, it also directed Licensee to return her license to PennDOT by September 12, 2017. R.R. 53a-54a. The trial court further found that PennDOT was not prejudiced by allowing Licensee to file her appeal three days late. *Id*. at 54a.

On appeal,[3] PennDOT argues that the trial court erred and abused its discretion in allowing Licensee to proceed on a *nunc pro tunc* basis because she failed to prove that the delay in filing her appeal was caused by fraud or judicial or administrative breakdown. Our precedent supports PennDOT's position.

---

[3] Our review of the trial court's order allowing an untimely appeal to be filed *nunc pro tunc* determines whether the trial court abused its discretion or committed an error of law. *Puckett v. Department of Transportation, Bureau of Driver Licensing*, 804 A.2d 140, 143 n.6 (Pa. Cmwlth. 2002).

Section 1550(a) of the Vehicle Code, 75 Pa. C.S. §1550(a), provides that any person whose operating privilege has been suspended "shall have the right to appeal to the court vested with jurisdiction of such appeals by or pursuant to Title 42[.]" This Court has explained that "[a] licensee must file [her] appeal within thirty days of the date on which [PennDOT] mails notice of the suspension." *Ercolani v. Department of Transportation, Bureau of Driver Licensing*, 922 A.2d 1034, 1036 (Pa. Cmwlth. 2007); *see also* 42 Pa. C.S. §5571(b) ("appeal…must be commenced within 30 days after the entry of the order from which the appeal is taken"); 42 Pa. C.S. §5572 ("date of service of an order of a government unit…shall be the date of mailing if service is by mail"). "Appeals filed beyond the 30-day appeal period are untimely and deprive the [trial court] of subject matter jurisdiction[.]" *Hudson v. Department of Transportation, Bureau of Driver Licensing*, 830 A.2d 594, 598 (Pa. Cmwlth. 2003) (quoting *Department of Transportation, Bureau of Driver Licensing v. Maddesi*, 588 A.2d 580, 582 (Pa. Cmwlth. 1991)). Moreover, statutory appeal deadlines are mandatory and "may not be extended as a matter of grace or mere indulgence." *Hudson,* 830 A.2d at 598.

However, there are exceptions. Generally, a *nunc pro tunc* appeal may be permitted where the delay in filing the appeal was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process. *Baum v. Department of Transportation, Bureau of Driver Licensing*, 949 A.2d 345, 348 (Pa. Cmwlth. 2008). The appellant bears the burden of proving that such circumstances exist. *Williamson v. Department of Transportation, Bureau of Driver Licensing*, 129 A.3d 597, 600 (Pa. Cmwlth. 2015).

In addition, our Supreme Court has recognized that non-negligent circumstances related to the action of the appellant, his counsel, or his counsel's

4

agent can justify a *nunc pro tunc* appeal. *See Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1132 (Pa. 1996) (*nunc pro tunc* appeal permitted where the appellant was hospitalized and unable to timely file his appeal); *Bass v. Commonwealth*, 401 A.2d 1133, 1134-35 (Pa. 1979) (*nunc pro tunc* appeal permitted where counsel placed notice of appeal on the desk of the secretary responsible for ensuring that appeals were timely filed and the secretary became ill and did not return to work until after the expiration of the appeal period). Nevertheless, the exception for "non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that [she] attempted to file an appeal, but unforeseeable and unavoidable events precluded [her] from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001). Moreover, a court will allow a *nunc pro tunc* appeal in non-negligent circumstances only where the appellant filed the appeal shortly after the appeal period expired and the appellee was not prejudiced by the delay. *Id.* at 1159 (citing *Bass*, 401 A.2d at 1135-36).

In the present case, Licensee did not allege that her failure to file a timely appeal was the result of a breakdown in the administrative process because the suspension notice was unclear. Licensee does not dispute that she received PennDOT's suspension notice, which stated:

> APPEAL
>
> You have the right to appeal this action to the Court of Common Pleas (Civil Division) within 30 days of the mail date, AUGUST 08, 2017, of this letter. **If you file an appeal in the County Court, the Court will give you a time-stamped certified copy of the appeal.** In order for your appeal to be valid, you must send this time-stamped certified copy of the appeal by certified mail to:
>
> > Pennsylvania Department of Transportation
> > Office of Chief Counsel

1101 South Front Street
Third Floor, Riverfront Office Center
Harrisburg, PA 17104-2516

Remember, this is an **OFFICIAL NOTICE OF SUSPENSION**. You must return all current Pennsylvania driver license products to PennDOT by 09/12/2017.

R.R. 5a (emphasis in original).

In her petition to appeal *nunc pro tunc*, Licensee stated she misunderstood the suspension notice. At the hearing before the trial court, Licensee explained that she believed that she had 30 days from the suspension date, September 12, 2017, to file an appeal. The trial court credited Licensee's testimony in this regard. The question is whether Licensee's reason constitutes non-negligent conduct described in *Cook* and *Bass* where our Supreme Court allowed a late appeal to proceed.

This question was resolved in *Williamson*, 129 A.3d 597. There, the licensee filed his appeal two days late, alleging that he misunderstood the effective date of the suspension of his operating privilege to be the deadline to file an appeal. At the hearing, the licensee testified that he did not understand the suspension notice and contacted an attorney before the effective date of the suspension but after the stated appeal deadline. Crediting the licensee's testimony, the trial court granted the licensee permission to appeal *nunc pro tunc*, and eventually sustained the licensee's appeal. This Court reversed and reinstated the licensee's suspension. We held that "we are constrained by precedent to hold that [the licensee's] subjective misunderstanding or confusion related to the straightforward appeal language in [PennDOT's] notice of suspension cannot, by itself, justify extension of the statutorily mandated 30-day appeal period." *Id.* at 602. The Court relied on *Kovalesky v. Department of Transportation, Bureau of Driver Licensing*, 850 A.2d

6

26, 30 (Pa. Cmwlth. 2004), which determined that the appeal provision in the notice of suspension "unequivocally indicates" that a licensee has the right to appeal the action to the court of common pleas within 30 days of the mail date. Further, we held that the filing of the appeal two days late "constituted a jurisdictional defect that appellate courts may not overlook." *Williamson,* 129 A.3d at 602.

Accordingly, we are constrained by *Williamson* to reverse the order of the trial court sustaining Licensee's appeal and direct that PennDOT's suspension of Licensee's operating privilege be reinstated.

_____
MARY HANNAH LEAVITT, President Judge


Judge McCullough did not participate in the decision in this case.

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Paula Lashley | : | |
| | : | |
| v. | : | No. 649 C.D. 2018 |
| | : | |
| Commonwealth of Pennsylvania, | : | |
| Department of Transportation, | : | |
| Bureau of Driver Licensing, | : | |
| Appellant | : | |

## **O R D E R**

AND NOW, this 23rd day of October, 2019, the order of the Court of Common Pleas of Allegheny County dated April 19, 2018, in the above-captioned matter is REVERSED, and the Department of Transportation, Bureau of Driver Licensing is directed to REINSTATE the one-year suspension of Appellee Paula Lashley's operating privilege.

_____
MARY HANNAH LEAVITT, President Judge